MINOTT TOLMAN, EXECUTOR, in equity,

*vs.*

JOHN M. TOLMAN, and others.

Knox. Opinion February 22, 1893.

*Will. Legacy. Ademption. Practice.*

It is a general rule, that where the estate in, or title to, the thing specifically bequeathed is essentially changed, the legacy will be adeemed.

Upon a bill of interpleader to obtain a construction of a will, reported to the law court, it appeared that some of the parties defendant were minors, and that no guardian *ad litem* appeared. The court orders the report to be discharged, that complete jurisdiction over the parties may be obtained below.

ON REPORT.

Bill in equity, heard on bill, answer and agreed statement, so far as the latter is admissible, to obtain the instruction of the court upon the will of John Tolman, of Camden, Knox county, and under the following facts :

August 10, 1881, the testator, having conveyed his homestead farm to his son, Minott, received in payment therefor, twelve promissory notes of said Minott for one hundred dollars each, secured by mortgage of the same property.

On the 29th of the same month the testator made the will now before the court, in the second clause of which it is provided, "if at my decease any portion of said notes shall remain unpaid, or any portion of the proceeds thereof shall remain unexpended, I give and bequeath such unpaid and unexpended monies to my executor hereinafter named, in trust, to be by him paid to my son John M. Tolman," &c.

September 9, 1890, Minott conveyed back said farm to the testator, and the testator surrendered said notes to Minott and discharged the mortgage.

On the same day the testator conveyed the same property to Henry H. Tolman, his grandson and son of said Minott, and received in payment six notes of said Henry H. for one hundred dollars, each, also secured by mortgage of the farm.

The testator died March 28, 1891, possessed of the last named notes, all unpaid. The question presented for decision is, do said notes of Henry H. Tolman for six hundred dollars go, to the executor in trust under the second clause of the will, or are they to be distributed as intestate property. It was agreed that the following agreed statement of the parties, so far as the same would be legally admissible in evidence, might be considered by the court in giving construction to the will.

The testator left four children, all of whom are named in the will. The real estate named in the first clause of the bill and in the several clauses of the will consisted of the testator's homestead farm.

Some years previous to the date of the will the testator conveyed said farm to his son, John M. Tolman, as a gift, but afterwards and before the will was made, John M. became involved in debt and the testator paid his debts and took back a deed of the farm.

About the time of the conveyance of the farm by him to his said son, Minott Tolman, August 10, 1881, as stated in the first clause of the bill, the testator, having previously made provision for his support during his life-time by his daughter, Lisania E. divided about $3000 among his three children, Minott, Lisania E. and Danson C., which was intended by him as their distributive share of his estate, which included all his estate, except the twelve notes of said Minott Tolman for one hundred dollars each, named in the first clause of the bill and which, with the provisions in the will afterwards executed, were intended as the distributive share of John M. Tolman.

Minott Tolman had no possession of the farm while he held the title under his deed, dated August 10, 1881, but during that period the farm was occupied by said Henry H. Tolman under an arrangement made with him by his grandfather, the testator, to whom he accounted and said Henry H. Tolman has ever since continued in possession.

Before the re-conveyance of said estate by Minott Tolman to the testator, said John M. Tolman had procured a divorce from his wife, and had been granted a United States pension and was, at the time of said re-conveyance and at the testator's death, an inmate of the Soldiers' Home at Togus.

Said John M. Tolman had three children living, to wit: Isabel G. Tolman of Warren, aged twenty-one years, Lulie Anna Tolman of Rockport, aged fourteen years and Delora Ella Tolman, aged twelve years, of Rockport.

Said John M. Tolman at the date of said will was and ever since has been physically incapacitated from maintaining himself and children and is mentally somewhat deficient; and the testator had never during his lifetime made him any advancement out of his estate, except as hereinbefore stated.

The assets of the testator's estate were as follows :

| | |
|---|---:|
| Six notes of H. H. Tolman, including interest, | $622.50 |
| C. B. Ingraham note, including interest, | 147.25 |
| Deposit in Rockland Savings Bank, | 112.50 |
| | $882.25 |

The testator left no debts and the only charges to be paid out of his estate are expenses of administration and the cost of the erection of suitable gravestones.

*W. H. Fogler*, for executor.

Counsel cited : 2 Redf. Wills, 2nd Ed. 152 and cases, 153 ; 2 Williams Exors. 1320, 1325 ; *Harv. Unit. Soc.* v. *Tufts*, 151 Mass. 76 ; *Beck* v. *McGinnis*, 9 Barb. 35 ; Roper Leg. 337 ; *Mitchell* v. *Danforth*, 12 Cush. 330, 331 ; 3 Pom. Eq. § 1131, notes.

*C. E. and A. S. Littlefield*, for J. M. Tolman and others.

Where the proceeds of the property devised can be traced and identified, such proceeds pass under the general provisions in the will. *Stuart* v. *Walker*, 72 Maine, 154. Transfer of farm to Henry not a sale or new arrangement to affect the relation of the old indebtedness. *Barnett* v. *Barnett*, 43 N. J. Eq. 297.

HASKELL, J. Two of the defendants are minors. No guardian *ad litem* appears ; a decree cannot bind them. The report, therefore, should be discharged, that complete jurisdiction over the parties may be obtained below.

As the single question presented has been fully argued, we conclude it best to advise as to the proper determination of it in the court below.

The bequest was of certain notes secured by mortgage of land. The testator surrendered those notes, in his life-time, and took a re-conveyance of the property for which they had been given. He afterwards sold the same property to another and took notes for it that were unpaid when he died.

We think the legacy had been adeemed and that the notes now held by the executor constitute a part of the estate to be

distributed among the heirs. The legacy was specific and the subject of it had been disposed of by the testator in his life-time. *Harv. Unitarian Society* v. *Tufts*, 151 Mass. 76.

*Report discharged.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.