(96 App. Div. 454.)

### WALDO et al. v. HAYES et al.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1904.)

1. WILLS—PERSONALTY—LEGACY—TIME WHEN WILL SPEAKS.

Where testatrix's will gave one her "diamond brooch" and gave another "jewelry not otherwise disposed of," and the brooch testatrix had when the will was executed was subsequently disposed of, but at her death she had another, it passed to the one to whom the brooch was given in the will, and not as jewelry "not otherwise disposed of."

Appeal from Special Term, Erie County.

Action by George E. Waldo and others, as executors, etc., of the estate of Helen Thornton Campbell, deceased, for a construction of the will. From a judgment that Florence Hayes became the owner and entitled to the possession of a certain diamond brooch owned by the testatrix at the time of her death, Hilda M. Lomax Iggulden and others appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Eugene M. Bartlett, for appellants.

Irving L. Fisk, for respondents.

McLENNAN, P. J.   Helen Thornton Campbell died on the 10th day of January, 1903, leaving a last will and testament, which was dated and executed by her on the 8th day of March, 1898; the eighth clause of which is as follows:

"Eighth—I give and bequeath to Florence Hayes, of Buffalo, New York, all my china ware and my diamond brooch."

The seventeenth clause of the will provides:

"Seventeenth—I give and bequeath to Mrs. Lomax, of Dewitt Street, near Breckenridge Street, Buffalo, N. Y., and to her daughters, Hilda and Ethel, such of my wearing apparel as they may choose and any jewelry not otherwise disposed of in this will."

Upon the probate of the will of the testatrix the respondent Florence Hayes, the beneficiary named in the eighth clause, claimed to be entitled to receive from the executors of said will the diamond brooch in question, which the learned trial court has found was the only article owned by the testatrix at the time of her death which answered the description contained in said eighth clause.   The appellants claimed that, as such brooch was not the one owned by the testatrix at the time the will was executed, it passed to them as an article of jewelry not otherwise disposed of, under the seventeenth clause of the will.   Such controversy, together with some others arising under other provisions of the will, having arisen, the executors brought this action to obtain a judicial construction thereof.   Upon the trial the court decided that the brooch in question passed to the respondent under the eighth clause, and should be delivered to her or to her attorneys, and decreed accordingly.   The beneficiaries under said seventeenth clause have appealed from such portion of the judgment entered upon said decision as determines the ownership of said brooch to be in the respondent and directs the delivery thereof.

The evidence is uncontradicted that in September, 1897—more than a year prior to the execution of the will—the testatrix purchased of Tiffany & Co., New York, a diamond brooch, and paid therefor the sum of $1,500. This brooch was the only diamond brooch, so far as appears, owned by the testatrix at the time her will was executed. The court also found that in December, 1899, after the will was executed, she purchased of the same firm another diamond brooch, for which she paid $500, and that on May 23, 1900, she purchased from Tiffany & Co. a diamond brooch valued at $2,500, giving therefor the two brooches theretofore purchased by her, and paying $350 in addition thereto; that she retained this last-mentioned brooch down to the time of her death, and that it was the only one owned by her at that time. The question presented by this appeal would seem to be settled by authority. The courts of this state have uniformly held, if we understand the decisions correctly, that, as to personalty the will of a testator speaks as of the date of the death of the testator, and that any article of personal property which the testator owns at the time of his death, which answers to the description of an article bequeathed, passes under the will to the legatee named therein, although such article may not be the identical article owned by the testator at the time the will was executed. In the case of Brundage v. Brundage, 60 N. Y. 544, the court said:

"It is a general rule that a will speaks from the time of the death of the testator. This rule is not excepted from, in the case of a general bequest of a particular description, as of an ascertained number of shares of a particular stock."

In that case the controversy arose over certain shares of stock of the New York Central Railroad Company which were bequeathed by the testator to his wife for her sole use and benefit during her life, and after the execution of the will the railroad company issued what were styled "interest certificates." It was claimed that the issuance of such certificates was illegal, and had the effect to impair the value of the certificates of stock willed by the testator to his wife. In discussing the question still further, the court, at page 548, said:

"It is to be observed that he [the testator] did not bequeath to her [his wife] any specific shares definitely described by numbers or otherwise. Had he died without owning any shares of the stock of the New York Central Railroad Company the legacy to his widow would not have been adeemed, and it could have been made good by the purchase and transfer to her of any shares, to the number given, to be had in the market. Had they been bought in the market, the ownership by her for life would have conferred upon her such rights and interests as belonged or were incidental to the shares at that time, and not those which had at some prior time been taken away. And it is not different if, to satisfy the legacy, the executors make use of shares found among the assets of the testator. It follows, then, that when the testator died leaving this will and its codicils, by which his widow was entitled to a legacy for life of a certain number of shares of stock, she took them just as they were at his death."

In the case at bar the testatrix bequeathed to the respondent "my diamond brooch." At her death there was found among the assets of her estate an article which answered the description of the legacy contained in the eighth clause, and it seems that under the authorities it is of no importance that the brooch, which was the only

diamond brooch owned by the testatrix at the time of her death, was not the particular one owned by her at the time her will was made.

Schouler on Wills (3d Ed. § 486) states the rule as follows:

"The preferable rule as to after-acquired property stands thus, with the aid of legislation: that descriptions, whether of real or personal estate, or of both together, the subject of gift, refer to and comprise prima facie the property answering to that description at the death of the testator; but that at all events the intention manifested by the will shall prevail."

The same rule is declared and adopted in Van Vechten v. Van Vechten, 8 Paige, 104.

In Tifft v. Porter, 8 N. Y. 516, 521, Judge Johnson said:

"The presumption is stronger that a testator intends some benefit to a legatee than that he intends a benefit only upon the collateral condition that he shall remain till death owner of the property bequeathed. The motives which ordinarily determine men in selecting legatees are their feelings of regard, and the presumption, of course, is that their feelings continue, and they are looked upon as likely to continue. An intention of benefit being once expressed to make its taking effect turn upon the contingency of the condition of the testator's property being unchanged, instead of upon the continuance of the same feelings which in the first instance prompted the selection of the legatee, requires, as it ought, clear language to convey that intention."

Such have been some of the adjudications in this state, and, while we might cite many other authorities in support of the judgment, we do not deem it necessary to do so, but for the purpose of directing attention to the argument and very apt illustrations of Vice-Chancellor Malins in disposing of a like question in the English Court of Chancery we add the further citation of Castle v. Fox, Law Reports, 11 Equity, 551, 552.

We think the learned trial court adopted the correct rule in construing the eighth clause of the will of Helen Thornton Campbell, and that therefore the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.