# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE

---

ELVINGTON P. SPINNEY, Executor
Of Will of Charles Oscar Littlefield, In Equity,

*vs.*

LAURA J. EATON, et als.

York.  Opinion July 7, 1913.

*Adeem. Bill in Equity. Codicil. Construction. General. Legacy.
Revocation. Special. Testator.*

1.  A specific legacy is a bequest of a specified part of the testator's estate which is so distinguished.

2.  A general or demonstrative legacy is not adeemed by the sale or change of the fund.

3.  A legacy is general when it is so given as not to amount to a bequest of a particular thing, or money of the testator, as distinguished from all others of the same kind.

4.  A demonstrative legacy is a bequest of a certain sum of money, stock or the like, payable out of a particular fund or security, and partakes of the nature of a general legacy by bequeathing a specified amount.

5.  The testator, having made a specific bequest of all notes of hand which were then payable to him and thereafterwards released one of the signers and took new notes from the other signers, secured by mortgage, the legacy was not adeemed.

In equity. On report. Bill sustained. Decree in accordance with this opinion.

This is a bill in equity by the executor of the last will and testament of Charles Oscar Littlefield, to obtain a construction of said will and codicil. The defendants severally filed answers to the bill and the usual replications were filed. At the conclusion of the hearing before the presiding Justice, the case, by agreement of the parties, was reported upon bill and answers to the Law Court for decision.

The case is stated in the opinion.

*E. P. Spinney,* for plaintiff.

All the defendants appear pro se.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, JJ.

HANSON, J. This is a bill in equity brought by the executor to obtain a judicial construction of the will of Charles Oscar Littlefield, who died September 29, 1911, leaving a widow, a son, and three sisters. The will is dated March 10, 1911.

At the date of the will the testator was the owner of one thousand eight hundred and thirty shares of the preferred stock of the J. L. Prescott Company, a corporation having a place of business at Passaic, New Jersey, each of the par value of one hundred dollars.

The questions submitted for determination arise under the first three paragraphs of the will and the codicil, which are as follows:

"First:    I give and bequeath to my sister, Laura J. Eaton, of said Wells, wife of Joseph D. Eaton, fifty shares of my preferred stock in the J. L. Prescott Company, a corporation duly created by law and having its place of business at Passaic, New Jersey, and nothing more.

Second: I give and bequeath to my sister, Alice Littlefield Gray, of said Wells, wife of Edward Gray, fifty shares of my preferred stock in the said J. L. Prescott Company, and nothing more.

Third:   I give, devise and bequeath to my sister, Julia F. Littlefield of said Wells, one hundred shares of my preferred

stock in the said J. L. Prescott Company, and also a home on my homestead farm in said Wells as long as she remains single and unmarried, and if she never marries, said home on my homestead farm to continue during her natural life."

The codicil, which was dated March 15, 1911, provides that, "whereas by my said will I gave and bequeathed to my sister, Julia F. Littlefield, in Paragraph 'Third' of my said will, one hundred shares of my preferred stock in the J. L. Prescott Co.; and whereas since the date of my said will and the date of this codicil, to wit, on the 13th day of March, I have in my lifetime transferred to my said sister, Julia F. Littlefield, one hundred shares of my preferred stock in the said J. L. Prescott Co., as witnessed by certificate of stock No. 4, dated March 13, 1911; and whereas I desire to make a bequest to my niece, Elva L. Gray, of said Wells, out of the property given my wife and son by paragraph 'Seventh' of my said will, now I do hereby make, publish and declare this my codicil to my last will and testament, to be annexed to and taken and allowed as a part thereof.

First: I do revoke the bequest, made in paragraph 'Third' of my said will of said one hundred shares of my preferred stock in said J. L. Prescott Co. to my sister, Julia F. Littlefield, for the reason above stated, but the remaining part of said paragraph 'Third' of my said will, relating to the home for my said sister, I leave and give to her as stated therein.

Second: I give and bequeath to my niece, Elva L. Gray, above named, one thousand dollars."

On July 1st, 1911, the testator exchanged his one thousand seven hundred and thirty shares of preferred stock in the J. L. Prescott Company for one hundred and seventy-three First Mortgage Bonds of the same Company, the denomination and value of each bond being one thousand dollars and bearing date July 1, 1911. On the same day Julia F. Littlefield exchanged her one hundred shares of preferred stock for ten bonds of the same issue.

Six questions are propounded to the court, three of which are upon the character of the bequests in paragraphs First and Second, relating to the fifty shares to each of the sisters named therein,

viz.: (1) Are the legacies specific? (2) General, without any attempt at a definite description?. (3) Demonstrative, payable out of a specific fund primarily, or out of the general estate if the fund does not exist and no such assets belong to said estate? (4) Have the two legacies been adeemed or lost? Questions 5 and 6 ask for direction as to payment, and interest to be allowed if the legatees are entitled to payment in money under said paragraphs.

The answer determining the character of the legacies involves not merely a technical question depending for its solution solely upon the precise language of the bequest, but a substantial inquiry respecting the intention of the testator as shown by the terms of the particular legacy, examined in connection with all the other provisions of the will. Stilphen, Aplt., 100 Maine, 146.

After bequeathing the two hundred shares of preferred stock by paragraphs 1, 2 and 3, the testator says in paragraph "Fifth"— "All the rest, residue and remainder of my shares of the preferred stock in the said J. L. Prescott Co., which have not been disposed of by this will, I give and bequeath to my beloved wife Olive M. Littlefield and my son Roland Smith Littlefield, in the following shares, amounts and proportions, to wit: one-third thereof to my said wife, and two-thirds thereof to my said son."

This paragraph was not changed by or referred to in the codicil. Paragraph "Seven" of the will reads, "All the rest, residue and remainder of my estate, real, personal, and mixed, of every name and nature, wherever found or situate, not already disposed of, I give, devise and bequeath in equal shares and amounts to my said wife and son, to them and their assigns forever."

Under the last named clause the inventory shows about $12,000 to be distributed.

What, then, was the intention of the testator? His intention must control the disposition of his property, and it is the duty of the court to construe the will so as to carry out the general purposes of the testator. *DeMerritt* v. *Young, 72* N. H., 22.

We think the testator intended to do what the language of paragraphs 1 and 2 plainly indicates, viz.: to give to each of his married sisters fifty shares of preferred stock from the 1830 shares owned by him.

"A specific legacy is a bequest of a specified part of the testator's estate which is so distinguished. A general or demonstrative legacy is not adeemed by the sale or change of the fund; but generally a specific legacy is revoked by a sale or change of form of the thing bequeathed. Courts are averse to construing legacies to be specific, and will not unless it be clear that the testator so intended."

"A legacy is general when it is so given as not to amount to a bequest of a particular thing or money of the testator, as distinguished from all others of the same kind."

"If made payable primarily out of a specified fund, it is called demonstrative." Smith's Appeal, 103 Penn. State Rep., 559.

A demonstrative legacy is a bequest of a certain sum of money stock or the like, payable out of a particular fund or security, and partakes of the nature of a general legacy by bequeathing a specified amount, and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in this particular, that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate. *Crawford* v. *McCarthy,* 159 N. Y. Rep., 514, citing Willard Eq. Jur., 502, 503; 2 Bouvier Law Dict. (Rawle's Ed.), 161; and authorities there cited. Stilphen Appellant, 100 Maine, 146, supra.

In this case the bequests under consideration are in the nature of a general legacy, and the fund out of which the payment is to be made is pointed out. We think, therefore, they are demonstrative legacies.

Have the legacies been adeemed? A careful reading of the will and codicil leads to but one conclusion as to this question. The testator evidently desired to place the stock of his unmarried sister where she would have control of the same from that moment, and further desired to give his niece $1000. These purposes were stated as the reasons for making the codicil. There is no expression of desire or intent to change paragraphs 1 and 2 or in any manner to affect their force, and there is no ground for an inference of such intent. On the contrary, if the change of securities worked an ademption of the two legacies, whether so intended by

the testator or not, then his entire will would be affected, his general purpose frustrated, and the interest of the son so carefully guarded in the will would be lessened substantially. Under such construction the provision for distribution of the stock, one third to the wife and two-thirds to the son, would be changed to an equal division between them because of such ademption, a result never intended by the testator.

It is apparent that at the date of the codicil the testator had not considered the subject of exchange of stock for bonds, and the exchange taking place three months and fifteen days thereafter affords ample reason for the conclusion that such change was made because the corporation had of its own motion changed the form of its securities, and the testator in common with other stockholders assented to the change. The stock was exchanged, not sold, and the security it represented is substantially the same as at the date of the will. It has not lost its identity. It represents the same property, is of the same value substantially, and the bonds in a varied form constitute the same fund.

In *Ford* v. *Ford*, 23 N. H., 212, a testator, having made a specific bequest of all notes of hand which were then payable to him, and then holding four notes signed by two persons, afterwards, before his death, released one of the signers, and took new notes for the debt from the other signer, secured by a mortgage. *Held*, that there was no ademption of the legacy. See also *Gardner, Executor, v. Gardner*, 72 N. H., 257 and cases cited.

We are, therefore, of the opinion, and so advise the executor, that there has been no ademption of the legacies mentioned in paragraphs one and two, and that under the will of the testator, Laura J. Eaton and Alice Littlefield Gray are each entitled to five thousand dollars, the admitted value of the original preferred stock severally bequeathed to them, payable in bonds of the J. L. Prescott Company, together with the interest thereon after September 29, 1911.

*Bill sustained.*
*Decree in accordance with this opinion.*