[L. A. No. 6253.   Department Two.—December 23, 1919.]

In the Matter of the Estate of FREDERICK EMIL JEPSON, Deceased. JACOB CHARLES NIELSEN et al., Appellants, v. ELISE JEPSON, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL—BEQUEST OF MONEY—SPECIFIC LEGACY—INTENT OF TESTATOR.—While it is true that a legacy is presumed to be general unless it clearly appears to be specific, especially where it is of a pecuniary character, the intent of the testator necessarily controls, and where it appears that his intent was to give a particular thing or a given sum of money, not generally but only from a specified and definitely ascertained source, the court has no choice but to give effect to that intent.

[2] ID.—BEQUEST OF MONEY INVESTED IN MORTGAGES—SPECIFIC LEGACY. A bequest "of the sum of $12,000" which was invested at interest in certain mortgages providing that the interest upon the mortgages should go to the testator's wife to be used for her benefit as long as she lived, and upon her death the "above-mentioned sum of $12,000" should go to the children of the deceased brother and sister of the testator, constituted a specific and not a general or demonstrative legacy, and did not entitle the legatees to be paid such amount out of the general assets of the estate, where the mortgages had been paid and canceled before the death of the testator.

APPEAL from a decree of distribution of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stewart & Stewart for Appellants.

A. I. McCormick and E. G. Deery for Respondent.

LENNON, J.—This is an appeal from a decree of distribution. Appellants claim as beneficiaries under a legacy the subject of which was the sum of twelve thousand dollars invested at interest in certain mortgages. The mortgages in question were paid and canceled before the death of the testator. The lower court held that the legacy was specific and that there was, therefore, a plain case of ademption. Appellants, on the other hand, contend that the legacy was general or demonstrative, and that they are, consequently, entitled to twelve thousand dollars out of the general assets of the estate.

The disposing clauses of the will read as follows: "As I have recently sold the greater part of my real property and thereby rendered worthless the will made by me two years ago, I do with this instrument hereby declare that upon my death my wife Elise shall have the following and shall have the right to freely dispose of the same: All real property of which I may be possessed. Also: Cash money and bank deposits and all of my personal property, with the exception: Of the sum of $12,000 which is invested at interest as follows: $7,000.00 upon property at Nos. 173–175 Linden street, Yonkers, N. Y.; and $5,000.00 on property at No. 45 Park Hill Ave., Yonkers, N. Y., the interest upon these mortgages amounting together to $12,000.00 shall go to my wife Elise to be used for her benefit as long as she lives: In the event of the said mortgages or any part thereof being paid the sum so paid shall be reinvested in a similar manner. Upon the death of my wife Elise, the above mentioned sum of $12,000.00 shall go to the children of my deceased brother Jacob Jepsen and my deceased sister Christine . . ."

[1]   While it is true that a legacy is presumed to be general unless it clearly appears to be specific, especially where it is of a pecuniary character, the intent of the testator necessarily controls, and where it appears that his intent was to give a particular thing or a given sum of money, not generally but only from a specified and definitely ascertained source, the court has no choice but to give effect to that intent.

Unquestionably, the legacy under consideration in the instant case would have been specific had its subject been described as the mortgages themselves rather than as a given sum of money. (*Charworth* v. *Beech,* 4 Ves. Jr. 555.)   But the fact that the "sum of $12,000.00" was named as the subject of the legacy does not make it general or demonstrative if the testator intended to bequeath the very sum which was owing to him on the mortgages in question.   In other words, if it was the sum owing on the mortgages which was bequeathed and that sum, for the sake of convenience, was described as amounting to the total of the sums secured by the mortgages the legacy must be considered specific. (*Davies* v. *Morgan,* 1 Beav. 405; *Gillaume* v. *Adderley,* 15 Ves. Jr. 384.)

Considering first the words of the will itself, it will be noted that the testator does not bequeath *any* sum of twelve thousand dollars, or twelve thousand dollars *out of* a specified fund, but *the* sum of twelve thousand dollars which was invested at interest in a designated manner.   It is true that the fact that the word "sum" is used tends to show that the question of the particular source of the amount named was of secondary importance in the mind of the testator.   But, on the other hand, it may equally well be argued that the fact that the source is named tends to show that it was not twelve thousand dollars generally which was bequeathed, but that the testator at least had a preference that it should come from the source named. And if the testator was merely expressing a preference and nothing more, it is, to say the least, singular that he did not use language apt to indicate the mortgages as merely the fund or source out of which he desired an independently existing gift to be satisfied. (*In re Pratt,* [1894], 1 Ch. 491.)   Again, it is provided in the will that the income from the sum mentioned shall go to the wife of the testator

during her life, the income being described, not as the interest on twelve thousand dollars generally, but as "the interest upon *these mortgages.*" (Italics are ours.) Moreover, it is provided that in the event of the payment of the said mortgages or any part thereof "the sum so paid" shall be reinvested. It is significant that this provision is not framed in terms permitting the investment of twelve thousand dollars or of any sum from the general assets of the estate, but requires the reinvestment of the *proceeds* of the mortgages described. Finally, it is provided that upon the death of the testator's wife the nieces and nephews should have, not any twelve thousand dollars, but the "above-mentioned sum of twelve thousand dollars." [2] Taken singly, as well as when they are construed together, these provisions indicate, we think, an intent on the testator's part to dedicate the sum invested in the specified mortgages, and that sum alone, to the satisfaction of the legacy.

This construction is also supported by the authorities. A very similar situation was presented in *Le Grice* v. *Finch,* 3 Mer. 50. Sir William Grant, in that case, construed a will which recited that it was the wish of the testatrix and her mother that the five hundred pounds which they then had out on mortgage should be given to the plaintiff and bequeathed that sum accordingly. It was held that the circumstance that the sum was out on mortgage was merely incidental and constituted no ingredient in the gift which was, therefore, construed as a general legacy. The authority of this case was somewhat shaken by *Gardner* v. *Hatton,* 6 Sim. 93, where the language of the will was as follows: "Also I give and devise the interest of £7000 secured on mortgage of an estate at Worstead in the county of Norfolk, belonging to Mr. Robert Tuck . . ." Sir L. Shadwell, V. C., noted the construction adopted in *Le Grice* v. *Finch, supra,* but declined to follow it, holding that this was a plain case of a specific legacy, and that the testator having received the whole amount of the debt prior to his decease there was a clear case of ademption. The construction adopted by the learned vice-chancellor in *Gardner* v. *Hatton, supra,* was followed by Sir W. Page Wood, V. C., in *Sidebotham* v. *Watson,* 11 Hare 170. In that case the testator bequeathed to his wife, Mary Ann Orme, "the sum

of £500 owing to me by Mr. Robert Leah upon a mortgage of a public-house and premises situate on Shaw Heath within Stockport aforesaid, and the interest due thereon at the time of my decease.'' The court held that the legacy was specific, and while it attempted to distinguish *Le Grice* v. *Finch, supra,* it, in effect, disapproved it. The Le Grice case was finally expressly disapproved in *Harrison* v. *Jackson,* L. R. 7 Ch. Div. 339, Jessel, M. R., expressing the opinion that not only was it the intent of the testatrix to bequeath a specified and particularly designated sum, but that upon calling in the mortgage the legacy was adeemed.

To the same effect is *Baldwin's Exrs.* v. *Baldwin,* 7 N. J. Eq. 211. The testator in that case, by the fourth item of his will, directed his executor to pay the interest of a bond and mortgage which he held against one Pruden Alling, for six thousand dollars, to his wife for her life, and then to one Isaac Baldwin for his life, and then to pay the principal sum to Isaac's children. The court held that the legacy was specific. (See, also, *Hayes* v. *Hayes' Ex.,* 45 N. J. Eq. 461, [17 Atl. 634]; *In re Bouk's Estate,* 80 Misc. Rep. 196, [141 N. Y. Supp. 922].)

Construing the will in the light of these authorities we are constrained to uphold the decision of the lower court that the legacy here involved was specific.

The decree is affirmed.

Wilbur, J., and Kerrigan, J., *pro. tem.,* concurred.