[Civ. No. 3715. Third Appellate District.—March 12, 1929.]

In the Matter of the Estate of MARY QUINN McLAUGHLIN, Deceased. J. D. McLAUGHLIN, Appellant, v. ROBT. H. SCHWAB et al., Respondents.

McLaughlin & McLaughlin for Appellant.

White, Miller, Needham & Harber, H. Nelson French, Ralph H. Cowing, John A. McGilvray and Robert H. Schwab, *in pro. per.*, for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a decree of distribution which was made upon the theory that a specific devise of property was adeemed or abrogated by a subsequent change in the character of the property.

The motion of Robert H. Schwab, one of the distributees in the above-entitled estate, to dismiss the appeal so far as it affects the north half of the west half of the east half, the west half and the north seventy-five feet of the east quarter of lot 8 in block bounded by I and J and Fourth and Fifth Streets in the city of Sacramento, California, in which the appellants claim no interest, is hereby granted.

March 15, 1923, the testatrix, Mary Quinn McLaughlin, executed an holographic will, by the terms of which she disposed of all her property to several named legatees and devisees. Unless the devise involved in this case was adeemed and canceled, there was no residuary estate which remained undisposed of. Among other specific devises, the will provided:

"Give and devise to my beloved husband J. D. McLaughlin all of my interest in that certain mortgage against the East half of the North 100 feet of lot 4 block P and Q, 7 and 8 street, Sacramento, California, occupied by Rose, Ann, Callahan."

At the time of the execution of this will, Rose Ann Callahan owed the testatrix $7,800, which was secured by a promissory note and deed of trust, dated December 12, 1919. Subsequent to the execution of the will, and on July 17, 1925, in consideration of the entire satisfaction of said indebtedness, the real property described in the trust deed and in the clause of the will which is involved in this appeal, was conveyed in fee to the testatrix who continued to hold title thereto until her death which occurred October 1, 1926. Upon proceedings duly had the will was admitted to probate and J. D. McLaughlin, the surviving husband of said deceased, was appointed and qualified as executor thereof. In

the course of administration, over the opposition of said devisee, J. D. McLaughlin, the said Sacramento lots were distributed to the heirs of said deceased pursuant to the provisions of section 1386 of the Civil Code. From that decree this appeal was perfected.

█ The bequest in the present case was specific in its nature. (Sec. 1357, Civ. Code; 28 R. C. L. 289, sec. 263.)

█ In determining whether a legacy or bequest is specific, the same test is applied whether it be a gift of real estate or personal property. (*Estate of Painter,* 150 Cal. 498 [11 Ann. Cas. 760, 89 Pac. 98]; *Estate of Bernal,* 165 Cal. 223, 230 [Ann. Cas. 1914D, 26, 131 Pac. 375].) █ The cardinal rule for the construction of a will, or the terms thereof, is to ascertain the intention of the testator. (Sec. 1317, Civ. Code; *Estate of Wilson,* 184 Cal. 63 [193 Pac. 581].)

█ An ademption of a legacy or bequest is accomplished when a change with respect to the subject matter takes place which results in the satisfaction or abolishing of the gift. It may occur through the acts or conduct of the testator from which his intention is evident or from which it may be presumed. (28 R. C. L. 344, sec. 338; 2 Page on Wills, 2d ed., 2206, sec. 1325; 1 Bouvier's Law Dict. 134; *Morse* v. *Converse,* 80 N. H. 24 [113 Atl. 214].) It ordinarily applies to special and not to general legacies. (28 R. C. L., *supra.*) While it is true that the ademption of a specific legacy or bequest may occur from some change in the character of the property involved without the express intent of the testator, ordinarily the purpose will appear by a construction of the terms of the will in the light of the subsequent acts and conduct of the testator. (28 R. C. L., *supra; Gilliam* v. *Chancellor,* 43 Miss. 437 [5 Am. Rep. 498]; *Wilmerton* v. *Wilmerton,* 176 Fed. 896 [28 L. R. A. (N. S.) 401]; *Allen* v. *Allen,* 13 S. C. 512 [36 Am. Rep. 716]; *Estate of Cooper,* 95 N. J. Eq. 210, 30 A. L. R. 673 [123 Atl. 45].) In 3 Woerner's Law of Administration, 1523, section 446, it is said a legacy is adeemed when, by some act of the testator the thing devised has ceased to exist in the form in which it is described in the will, for the reason that, upon the death of the testator, there is nothing answering the description of that property which may be delivered to the legatee. When, however, the property bequeathed is altered or converted into a different form by operation of law, there is no ademption of the legacy. █

An alteration in the subject of the bequest which does not wholly destroy its identity is insufficient to adeem it. ■ In the present case the lack of intent to destroy the bequest on the part of the testatrix by subsequently accepting a deed of conveyance to the property upon which the mortgage lien attached, may be indicated by the fact that she attempted to dispose of all her property, leaving no residuary estate. The construction of a will is preferred which leaves no intestacy as to any part of the estate. (Sec. 1326, Civ. Code; *Estate of Henderson*, 161 Cal. 353, 361 [119 Pac. 496].) In the present case we find nothing in the record to indicate that the testatrix had any intention to revoke or change her original devise to her husband by subsequently accepting a deed to the mortgaged premises. In truth, just the contrary appears to have been her purpose. ■ While in California it is true that a mortgage is not regarded as a conveyance to the mortgagee of any actual title to the real property (17 Cal. Jur. 714, sec. 19), yet it does create an interest in the property to the extent of the attachment of a lien to secure the enforcement of the obligation for the payment of which it is executed. (17 Cal. Jur. 709, sec. 16, and p. 712, sec. 18.) In the present case the testatrix having executed an holographic will, probably lacked legal advice informing her of the technical distinction between actual title to real property and the mere equitable interest which is created by a mortgage lien. When she devised "all my interest in that certain mortgage against the east half of the north 100 feet of Lot 4," etc., she evidently intended to dispose of that portion of her estate represented by the mortgage indebtedness, plus the power to enforce its collection. The only change that occurred in the character of the property was technical in its nature. She accepted a deed to the mortgaged land in lieu of her equitable lien, and in satisfaction of the debt. Since she thereafter made no change in her will, it may reasonably be inferred that she assumed the mortgaged land would be substituted for "all of my interest in the mortgage."

■ The accepting of a deed of conveyance in consideration of the exact indebtedness secured by a mortgage on the same premises, furnishes no evidence of the intent of a testatrix to accomplish an ademption of a devise of the interest in the property represented by the mortgage, where the testatrix retains the property to the time of her death, and

subsequently makes no change in the terms of her will. In 40 Cyc. 1046, section C, it is said: "The weight of authority is to the effect that a change, subsequent to the making of the will, in the form of property devised or bequeathed does not prevent the operation of the provisions of the will and the property in its changed form passes to the devisee or legatee." To the same effect section 1303 of the Civil Code provides that: "A conveyance, settlement, or other act of a testator, by which his *interest* in a thing previously disposed of by his will is altered, but not wholly divested, is not a revocation; but the will passes the property which would otherwise devolve by succession." In accordance with this principle it has been held that an exchange of specifically devised shares of stock for other shares is not an ademption. (*Havens* v. *Havens,* 1 Sandf. Ch. (N. Y.) 324.) Neither is the exchange of stock for notes of the corporation an ademption. (*Estate of Frahm,* 120 Iowa, 85 [94 N. W. 444].) Nor the exchange of stock for bonds. (*Spinney* v. *Eaton,* 111 Me. 1 [46 L. R. A. (N. S.) 535, 87 Atl. 378].) A devise of testator's right, title and interest in a tract of land, which the testator had bought at a foreclosure sale, passes the money which the original owner subsequently paid to redeem it. (*Rue* v. *Connell,* 148 N. C. 302 [62 S. E. 306] ; 2 Page on Wills, 2d ed., 2214, sec. 1330.) In *Van Wagenen* v. *Brown,* 26 N. J. L. 196, the syllabus says: "If a mortgagee make a will devising *all his interest* in certain mortgaged premises, the devisee takes the same legal estate in the premises that the testator had . . . and such estate will not be affected by the subsequent acquisition by the testator of the equity of redemption by foreclosure or any other means."

In *Waldo* v. *Hayes,* 96 App. Div. 454 [89 N. Y. Supp. 69], it was held that the bequest of a specific diamond brooch was not adeemed by subsequently applying it as part payment upon a more valuable brooch, but that the latter article of jewelry was a mere substitution which would pass by the terms of the will.

In the case of *Van Wagenen* v. *Baldwin,* 7 N. J. Eq. 211, the seventh clause of the testator's will provided that, "I give to Thomas Rowland what may be realized and received on a bond and mortgage for $900. . . . " Subsequently the testator accepted a deed to the mortgaged premises. The

court said: "The bequest . . . to Thomas Rowland, of what might be realized and received on the bond and mortgage given by Baldwin for $900, held by the testator when the will was made, and in payment and satisfaction of which the testator afterwards received a deed for the land covered by the said mortgage, was an effectual devise to the said Thomas Rowland in fee of the said mortgaged premises."

*Tolman* v. *Tolman*, 85 Me. 317 [27 Atl. 184], cited by the respondent, is not authority for the general assertion that the acceptance of a deed to mortgaged premises by a testatrix who has bequeathed all her interest in a mortgage under circumstances like those of the present case, has thereby adeemed the legacy. That case involved the construction of the following language of a will: "If, at my death, *any portion of the notes remain unpaid,*" etc. None of these notes remained unpaid. They were all canceled and the land upon which they were secured was reconveyed to the testator who subsequently deeded it to another grantee, taking other notes for an entirely different indebtedness. The court quite properly held that these latter notes were not bequeathed by the terms of the original clause of the will.

The *Jepson Estate*, 181 Cal. 745 [186 Pac. 352], cited by respondent, is not applicable to the facts of this case. That case involved a legacy of $12,000 in cash. The court says: "Unquestionably, the legacy under consideration in the instant case, would have been specific had its subject been described as the mortgages themselves, rather than as a given sum of money."

The case of *Wyckoff* v. *Perrine*, 37 N. J. Eq. 118, relied upon by the respondent, merely involved a question as to whether the legacy was specific or demonstrative in its nature. The will did provide for a legacy which was to be offset by an indebtedness due the testatrix from the husband of the legatee. It appears, however, that at the time of the death of the testator that debt had been discharged by a previous adjudication of the bankruptcy of the debtor. The court said: "It is certain the debt which was the subject of the legacy, did not exist at the time of the testator's death. So much of it as had not been paid to the testator out of the bankrupt's assets was extinguished by his dis-

charge in bankruptcy, so that the subject of the gift did not exist at the time of the testator's death.''

In the present case the subject of the gift to the husband of the testator was more than a mere debt. It included all her interest in the debt, plus her equitable interest in the land and the legal authority and means of enforcing the payment of the debt. It is true that the acceptance of the deed to the mortgaged land did involve a complete change in the parties to the legal title, but this combined property right of debt and mortgage lien, was not wholly divested by the accepting of the deed for the exact amount of the debt. The equitable interest of the testatrix was merely enlarged to a fee title. The extinguishment of the debt was the accomplishment of an important part of the very thing which was devised, and by means of which that devise was made more certain and valuable. This did not constitute an ademption of the devise or a revocation under the provisions of section 1303 of the Civil Code. It was clearly the purpose of the testatrix to convey this land to her husband by this clause of her will.

The judgment is reversed, and the trial court is directed to distribute said estate according to the foregoing views.

Plummer, J., and Finch, P. J., concurred.