SHENK, J.
 

 Strong, as executrix of the last will and testament of Alice B. Strong, deceased, filed her second
 
 *391
 
 account and petition for distribution of the entire estate of the decedent with the exception of sufficient funds to pay-balances due on account of inheritance and estate taxes, attorneys’ fees, and commissions. The court entered its decree of final distribution. This decree provided that Alice L. Lacey, one of the legatees, should be reimbursed for the inheritance tax of $103.71 on the contingent remainder devised to her, which amount had been deducted by the executrix from her cash legacy. The court also decreed that Georgia Lacey Burns was entitled to payment of a legacy of $5,000 provided by clause seven of the will, and designated certain properties out of which said legacy should bo paid. From these two specified portions of the decree of distribution “Hattie Strong, executrix of the estate of Alice B. Strong”, has appealed.
 

 Hattie Strong is a surviving sister of the decedent and the residuary legatee under her will. The respondents urge that Hattie Strong, as executrix, is not a proper party to appeal from the decree of distribution.
 
 (Estate of Murphy,
 
 145 Cal. 464, 467 [78 Pac. 960];
 
 Estate of Babb,
 
 200 Cal. 252, 255 [252 Pac. 1039].)
 

 We may assume that if, as such executrix, Hattie Strong had appealed, her appeal should be dismissed. But the notice of appeal does not necessarily preclude the propriety of considering the appeal as having been taken by her as an individual. The notice merely appends opposite her name a designation which indicates that she is the executrix, but it does not necessarily state that she prosecutes such appeal as executrix. Such designation may be considered as mere
 
 descriptio personae (Burling
 
 v.
 
 Thompkins,
 
 77 Cal. 257 [19 Pac. 429];
 
 Scott
 
 v.
 
 Remley,
 
 119 Cal. App. 384, 386 [6 Pac. (2d) 536]; 47 Cor. Jur., p. 177), and will not defeat the appeal if it may be prosecuted by the appellant in her individual capacity. The appeal may therefore be considered to have been taken by her in that capacity.
 

 Alice B. Strong died on February 19, 1933. By her will she left the sum of $5,000 to Alice L. Lacey. In connection with the portion of the decree appealed from directing that Alice L. Lacey be reimbursed in the sum of $103.71 deducted from her cash legacy, it is pertinent to consider the provisions of clause ten of the will. By that clause the testatrix devised a certain described parcel of real property to a
 
 *392
 
 trustee to pay the income therefrom to Hattie Strong in her lifetime. The trust was to terminate upon her death and the trust property distributed to the living issue of Hattie Strong, and if there were none, then one-half thereof to go to Helen McOreery, and the other half share and share alike to certain named persons including Anna Carlat, Catherine Carlat, Alice L. Lacey and Georgia Lacey Burns, or the survivors of them. The decree provided that “the inheritance taxes on the contingent interests of Helen McCreery, Alice L. Lacey, Georgia Lacey Burns, Anna Carlat and Catherine Carlat under clause ten of the will should be paid by the executrix out of the
 
 corpus
 
 of the hereinafter described property devised and bequeathed in trust under clause ten of the will, and should not be collected by the executrix from the said contingent beneficiaries; that said Alice L. Lacey should be reimbursed for the amount of said tax on the contingent interest of Alice L. Lacey heretofore deducted from the cash legacy of Alice L. Lacey and paid to the State of California in the amount of $103.71. ’ ’ It should be noted that Hattie Strong appealed only from that portion of the foregoing order following the semicolon to the end of the quotation. If she is content with the payment out of the trust property of the inheritance taxes on the contingent interests other than that of Alice L. Lacey, she should not be heard to complain of the payment from the same source of the amount assessed against the portion of the contingent remainder devised to Alice L. Lacey. However, the direction to pay the taxes from the trust property is in accordance with subdivision (3) of section 8 of the Inheritance Tax Act (Stats. 1921, p. 1500, as amended by Stats. 1929, p. 1834) in effect at the time of the death of the testatrix. By that section and subdivision the tax imposed on the interests or estates which are dependent upon contingencies whereby they may be defeated are payable forthwith by the executors or trustees out of the property transferred, namely, in this case the property distributed to the trustee under clause ten of the will. The court was therefore not in error in ordering that Alice L. Lacey be reimbursed for the amount of the tax on the contingent interest deducted from the cash legacy bequeathed to her. The provisions of subdivision 1 of section 9 of that act, relied upon by the appellant, are in harmony with this conclusion and do not compel a different holding.
 

 
 *393
 
 Clause seven of the will provided: “If, after paying all my just debts, funeral expenses and costs of administration of my estate and after the distribution of the personal property hereinbefore bequeathed, there still remain notes and mortgages or other interest bearing securities in an amount equal to or in excess of” $5,000, that sum should be transferred to a trustee to "pay the income therefrom to Georgia Lacey, now Georgia Lacey Burns, until she attain the age of twenty-five years, and then to pay to her the principal sum; but “that in the event the amount of such securities so remaining does not exceed” $5,000 the trust should be void and of no effect. At the time of the decree of distribution Georgia Lacey Burns had passed her twenty-fifth year.
 

 The court found that at the time of her death the testatrix was the owner of eleven secured notes, having an aggregate face value of $50,662.50, and an aggregate appraised value of $44,162.50. Since the commencement of her administration as executrix of the will, Hattie Strong had caused foreclosure proceedings to be prosecuted as to all except two of said securities. Pursuant to foreclosure sales the estate became the owner of the real property which had served as the security for the payment of the notes, and such parcels were still a part of the estate at the time the decree herein was entered. The total appraised value of the two remaining secured notes did not exceed $2,100, which was also their aggregate face value. The appraised value of the real property derived from the foreclosure proceedings, plus the two remaining secured notes, after payment of all debts, funeral expenses, costs of administration, taxes and attorney’s fees, was $41,100, subject to encumbrances of $6,250 placed against two of said parcels of real property. Sufficient therefore remains after payment of debts, administration expenses and personal property bequests, without reference to the present character of the property, to pay the legacy to Georgia Lacey Burns. The court found that it was the intention of the testatrix that Georgia Lacey Burns should not be deprived of the legacy provided in clause seven of the will by reason of the foreclosure proceedings mentioned; but it was her intention, that except only as the securities may be reduced below $5,000 by the payment of debts, funeral expenses and costs of administration, Georgia Lacey Burns should receive the
 
 *394
 
 legacy provided by said clause, regardless of whether the securities should be converted to the form of real property at the time of distribution.
 

 The appellant objects to the portion of the decree based upon the foregoing findings and ordering distribution to Georgia Lacey Burns of the $5,000 legacy from enumerated parcels of property in the converted as well as from those in the original form. The appellant contends that the will is to be read as though it stated that if, at the time of distribution, there does not remain in the estate sufficient secured notes to be applied to the payment of the legacy to Georgia Lacey Burns, the legacy as to her is defeated. But such an interpretation of clause seven of the will is neither necessary nor permissible. The testatrix expressly made the legacy operative out of the designated properties remaining after payment of debts, funeral expenses and costs of administration, and distribution of certain personal bequests. She provided that in the event the amount of securities
 
 so remaining
 
 did not exceed $5,000, the legacy should be void. She did not say, nor can we discern from anything stated in the will that she intended the legacy to be payable from such property remaining after payment of the charges specified
 
 and
 
 any foreclosure proceedings. It is quite apparent that she intended the legacy to be effective if there was sufficient property remaining from the original source after payment of debts and the other specified charges. It is well recognized that a sale of real estate in administration proceedings will not, for purposes of distribution, effect a conversion of the proceeds therefrom into personal property.
 
 {Estate of Hills,
 
 176 Cal. 232 [168 Pac. 20];
 
 Estate of Gracey,
 
 200 Cal. 482 [253 Pac. 921].) The converse of this proposition should likewise be true and make the rule applicable in the present case to prevent the foreclosures of the securities during administration from changing the form of the securities so as to defeat the obvious intent of the testatrix. It is true, as found by the court, that the foreclosure proceedings were initiated after defaults had occurred; but it was also found that not all of said foreclosures were necessary in the interest of fhe estate and that some of them were had at an actual loss to the estate. It is to be assumed also that the testatrix intended that the disposition of the securities should include the power to enforce their collection.
 
 *395
 

 (Estate of McLaughlin,
 
 97 Cal. App. 485, 489 [275 Pac. 875]; 69 Cor. Jur., p. 398.)
 

 The decree is affirmed.
 

 Curtis, J., Edmonds, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.