67 Cal.App.2d 800 (1945)
Estate of HENRY H. CLINE, Deceased. MADYLON M. BROWN, Appellant,
v.
MAURINE PHYLLIS CLINE RAINVILLE, as Administratrix, etc., Respondent.
Civ. No. 14664. 
California Court of Appeals. Second Dist., Div. One. 
Feb. 5, 1945.
 Warner I. Praul and Porter & Sutton for Appellant.
 Michael F. Shannon and Thomas A. Wood for Respondent.
 WHITE, J.
 This is an appeal from an order denying a petition for partial distribution. The decedent, Henry H. Cline, died testate on the 17th day of June, 1937. His will dated December 11, 1936, was duly admitted to probate. The third paragraph of said will reads as follows:
 "I hereby give and bequeath to Madylon M. Brown of Los Angeles, Calif. the sum of Three Thousand ($3,000.00) Dollars, inherited by me from the estate of my father, Samuel Newton Cline, and I direct that this sum be paid before any other bequest hereinafter made."
 By her petition for partial distribution filed herein, appellant alleged that decedent's estate is of the total value of $31,615; that there is sufficient cash on hand in said estate, to wit the sum of $5,330 or thereabouts, to pay all legatees under the terms of said will; that over four years have elapsed since the issuance of letters testamentary and more than six months since the first publication of notice to creditors; that no unpaid claims of creditors remain; that the cash on hand is sufficient to pay, over and above any specific bequests, all expenses of administration; that there are no inheritance taxes due the State of California; and that all personal property and other taxes due from said estate have been paid.
 The answer to the petition expressly admits that the administratrix of the estate has on hand a sum in excess of $5,000, and that the will contains the foregoing provision for the $3,000 legacy to appellant. It is further averred by the answer that one of the assets of the estate is a note for $24,000, the makers of which have been adjudged bankrupt, by reason of which fact the amount of money which the estate will receive in payment of said note is uncertain, and therefore, the estate cannot be closed.
 Finally, the answer alleges that the decedent herein, Henry H. Cline, never received from the estate of his father the sum of $3,000, or any other sum, and that there did not come into the hands of the testator in his lifetime, or into the hands of the administratrix of his estate, subsequent to his death, the sum of $3,000, or any part thereof. That therefore the legacy to appellant herein is adeemed. *802
 Upon the evidence introduced, the trial court found that the value of the estate of decedent's father, Samuel Newton Cline, deceased, was approximately $4,000, and that said estate was distributed to the four children of said Samuel Newton Cline; that the decedent, Henry H. Cline, did not receive out of the estate of his father the sum of $3,000 as specified in the third paragraph of the last will and testament of said decedent. The court then found further that the aforesaid third paragraph of the last will and testament of Henry H. Cline, deceased, "was adeemed by reason of the fact that the said Herman H. Cline, deceased, did not, during his lifetime, nor did his estate, subsequent to his death, receive out of or from the estate of his father, Samuel Newton Cline, deceased, the sum of Three Thousand Dollars ($3,000.00)."
 Based upon the foregoing findings the court made its order that the petition of appellant herein for partial distribution be dismissed. It is from such order that this appeal is prosecuted.
 From the record before us, it would appear that at the trial evidence, both documentary and oral, was introduced. From the findings of the trial court, we conclude that the superior court file containing the inventory and appraisement filed in the matter of the estate of Samuel Newton Cline, deceased, was introduced into evidence and therefrom the court found "that the value of the Estate of Samuel Newton Cline, Deceased, was approximately Four Thousand Dollars ($4,000.00), and that said estate was distributed to the four (4) children of said Samuel Newton Cline, and that Henry H. Cline, also known as Herman H. Cline and H. H. Cline, deceased, did not receive out of the Estate of Samuel Newton Cline the sum of Three Thousand Dollars ($3,000.00) as specified in paragraph third of the Last Will and Testament of said Henry H. Cline."
 The parol evidence consisted of the testimony of James W. Cline, who was the administrator of the estate of Samuel Newton Cline, father of the decedent in the instant proceeding. This witness testified that at or about the time when the court had ordered distribution of the estate of Samuel Newton Cline, which was some time in 1928, the four children, including the decedent herein Henry H. Cline, met and adjusted certain debts owing from some of the heirs to their father, and divided certain moneys obtained from a $3,000 mortgage held by the father or the administrator of his estate; *803 that, as a result of this adjustment and settlement made out of court, the testator herein, Henry H. Cline, received approximately $2,200. While it is not particularly clear, we interpret the record herein to mean that the estate of testator's father was appraised at $4,100. If that be true, then testator herein inherited one-fourth of $4,100, or $1,025. Appellant, however, urges that, while the inventory and decree of distribution in the father's estate show that the amount inherited by the testator was considerably less than $3,000, the $2,200 received outside of the probate proceedings came from the father's estate and was therefore "inherited" by the testator, and, in any event, that the interest on the $2,200 from the date of its receipt by the testator in 1928 up to the time when he made his will in 1936 would easily bring the total amount up to $3,000.
 From a reading of paragraph third of the testator's will, it is at once apparent from his use of the language "the sum of Three Thousand Dollars ($3,000.00) inherited by me from the estate of my father" that it was his understanding and belief that he had in fact, as he declared, inherited the sum of $3,000 from the estate of his father and that he bequeathed such inheritance to appellant herein.
 Upon this appeal respondent administratrix has apparently abandoned her claim urged in the trial court that the testator never received the sum of $3,000 from his father's estate, because, in her brief, she says with reference to such inheritance "It is immaterial what the sum was, whether it was $3,000.00 or whether it was less." Respondent now stands upon the claim that the legacy here involved is a specific legacy, and, the subject matter thereof not being in existence at the time of the death of the testator, the legacy has failed and the bequest to appellant was adeemed. Therefore, the primary question presented on this appeal is whether the aforesaid pertinent bequest in paragraph third of testator's will constitutes a specific, demonstrative or general legacy, and, if it be construed as a specific bequest, has the legacy failed?
 Subdivision 1, section 161, of the Probate Code defines a specific legacy as follows:
 "A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific. ..." *804
 Subdivision 2 of the section thus defines a demonstrative legacy:
 "A legacy is demonstrative when the particular fund or personal property is pointed out from which it is to be taken or paid."
 After defining an annuity and a residuary legacy in subdivisions 3 and 4, the same section, in subdivision 5 thereof, provides: "All other legacies are general legacies."
 [1] Citation of authorities is unnecessary for the statement that in reaching a determination of the nature and character of the legacy it is an established principle of law that the intent of the testator is of primary importance. Because of the harshness of the doctrine that a specific legacy is lost if the subject of it is disposed of by the testator, or is extinguished in his lifetime, notwithstanding the will may unmistakably indicate that the testator intended to recognize and treat the legatee as an object of his bounty, the courts have adopted a policy, where the language of the will reasonably admits of the application of such policy, to consider legacies as demonstrative rather than specific.
 [2a] If it be the intention of the testator as expressed in his will that prevails, let us examine the language used in paragraph third of the testamentary document with which we are here concerned. After bequeathing to appellant the sum of $3,000 inherited by him from the estate of his father, the testator, in clear and emphatic language, states: "And I direct ... that this sum be paid before any other bequest hereinafter made." Whether the legacy here in question is to be treated as a demonstrative legacy, that is to say, one given with reference to a particular fund only for the purpose of pointing out a convenient method of payment and wherein the legatee will not be disappointed though the fund totally fail, or as a specific legacy of a fund itself with the object in view of burdening that fund alone with payment of the legacy, depends upon the intent of the testator as reflected in the language used by him. Whatever else the testator intended, there can be no doubt but what he directed payment of the legacy to appellant "before any other bequest hereinafter made." We are persuaded that, from his language, the general intention of the testator must be held to be that the legacy about which this controversy revolves was to be treated as a demonstrative legacy and not a specific legacy. Both of the elements necessary to constitute a demonstrative legacy are *805 present in the instant case, viz., that the testator intended to make an unconditional gift in the nature of a general legacy, and secondly, the bequest indicates the fund out of which the legacy is payable (Maxim v. Maxim (1930), 129 Me. 349 [152 A. 268, 73 A.L.R. 1244]).
 [3] Respondent's contention that the legacy given to appellant has been adeemed cannot be sustained. While it is true that ademption ordinarily applies to special and not to general legacies (28 R.C.L. 344), it is only accomplished when a change with respect to the subject matter takes place which results in the satisfaction or abolishing of the gift. In Estate of McLaughlin, 97 Cal.App. 485, 488 and 490 [275 P. 875], it is said:
 "In 3 Woerner's Law of Administration, 1523, section 446, it is said a legacy is adeemed when, by some act of the testator the thing devised has ceased to exist in the form in which it is described in the will, for the reason that, upon the death of the testator, there is nothing answering the description of that property which may be delivered to the legatee. ... In 40 Cyc. 1046, section C, it is said: 'The weight of authority is to the effect that a change, subsequent to the making of the will, in the form of property devised or bequeathed does not prevent the operation of the provisions of the will and the property in its changed form passes to the devisee or legatee.'"
 To the same effect section 78 of the Probate Code provides that:
 "... nor a conveyance, settlement, or other act of a testator, by which his interest in any such property is altered, but not wholly divested, is a revocation of the disposal; but the property, subject to such charge or encumbrance, or the remaining interest therein, passes by the will."
 [4] The exchange of stock for notes of a corporation is not an ademption; neither is the exchange of specifically devised shares of stock for other shares an ademption; nor is the exchange of stock for bonds. It has also been held that the bequest of a specific diamond brooch was not adeemed by subsequently applying it as part payment upon a more valuable brooch, but that the latter article of jewelry was a mere substitution which would pass by the terms of the will (Estate of McLaughlin, supra). A cardinal rule for the construction of a will, or the terms thereof, being to ascertain the intention of the testator, we are impressed, in view of the decisive language used by the testator in the instant case in paragraph *806 third of his will, that he never intended by any act of his to wholly divest himself of the money inherited by him from his father and bequeathed to appellant, nor did the testator intend by any act of his to destroy the existence of the $3,000 in the form in which it is described in the will. It is also worthy of note that the testator inherited the money from his father in 1928, while he did not execute his will until 1936. To us this is a strong indication that, at the time he made his will, the testator included in his cash assets the money inherited from his father, and certainly there is no showing that by any act or conduct of his after he made his will and up to the time of his death he intended to abolish the gift to appellant. On the contrary, his express direction was that such bequest "be paid before any other bequest hereinafter made." [2b] We therefore conclude that the legacy here in question is demonstrative; that it was not adeemed; and that appellant is entitled to have the same paid out of the general assets of the estate.
 The order appealed from is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
 York, P. J., and Doran, J., concurred.