[Civ. No. 8517.   Fourth Dist., Div. One.   Feb. 21, 1967.]

Estate of JAMES H. NEWSOME, Deceased. GRACE SULLIVAN NEWSOME, Petitioner and Respondent, v. ANN NEWSOME BROTHERS, Objector and Appellant.

Hillyer, Crake & Irwin and Thomas C. Harden for Objector and Appellant.

Stanford & McDonough and Vincent E. Sullivan for Petitioner and Respondent.

COUGHLIN, J.—Ann Newsome Brothers, a daughter and heir-at-law of James H. Newsome, deceased, appeals from an order decreeing the right of Grace Sullivan Newsome, wife of the deceased, to receive a $10,000 savings and loan account under his will.

The will of James H. Newsome devised certain real property to his wife; also devised other real property to his daughter; made no other provision for the disposition of his property in the event he predeceased his wife, i.e., contained no residuary clause; and devised and bequeathed all of his property to his daughter in the event his wife predeceased him. Following execution of this will Mr. Newsome sold one of the parcels of real property devised to his wife and deposited $10,000 from the proceeds of this sale in a savings and loan account. This account is a part of his estate.

The wife filed a petition pursuant to section 1080 of the Probate Code seeking a determination she was entitled to distribution of the savings and loan account under the will. A hearing was had upon the petition at which the daughter appeared; objected to granting of the petition; contended an ademption of the devise to the wife of the property sold by the husband had occurred; but offered no evidence on the issue raised by this contention. The facts heretofore related are predicated upon a stipulation of the parties. The court found the husband did not intend to effect an ademption of the devise in question by his sale of the property, and decreed the wife was entitled to the proceeds of that sale.

On appeal the daughter contends there is no evidence supporting the aforesaid finding, and the conclusion no ademption occurred is contrary to law.

714

■ Ademption is one of the ways in which a devise or bequest lapses (*Estate of Goodfellow,* 166 Cal. 409, 415 [137 P. 12]) ; is the extinction or withdrawal of the gift by some act of the testator clearly indicating an intent to revoke such; may be effected, as to a specific devise or bequest, by the testator's disposition of the property devised or bequeathed and attendant circumstances which prevent it, or its identifiable proceeds from passing by the will, from which an intention that the gift shall fail is presumed; but is not effected by a mere change in the form of the property through its disposition by the testator "in the absence of proof that the testator intended that the gift fail." (*Estate of Mason,* 62 Cal.2d 213, 215 [42 Cal.Rptr. 13, 397 P.2d 1005] ; *Estate of Goodfellow, supra,* 166 Cal. 409, 415.) ■ It is settled in California that whether an ademption occurs depends upon the intention of the testator that the devise or bequest should fail. (*Estate of Mason, supra,* 62 Cal.2d 213, 215; *Estate of Stevens,* 27 Cal.2d 108, 116 [162 P.2d 918] ; *Estate of Holmes,* 233 Cal. App.2d 464, 467-468 [43 Cal.Rptr. 693] ; *Estate of Moore,* 135 Cal.App.2d 122, 133 [286 P.2d 939] ; *Estate of McLaughlin,* 97 Cal.App. 485, 488-489 [275 P. 874].) The intention may be ascertained from the provisions of the will. (*Estate of McLaughlin, supra,* 97 Cal.App. 485, 488.) ■ Where there is no residuary clause therein it may be inferred the testator intended to dispose of all of his estate through the specified devises and bequests and not to cause any thereof to fail by his transmutation of the property devised or bequeathed. (*Estate of Holmes, supra,* 233 Cal.App.2d 464, 467-468; *Estate of Moore, supra,* 135 Cal.App.2d 122, 130; *Estate of McLaughlin, supra,* 97 Cal.App. 485, 488-489.) Appellant relies upon the decision in *Estate of Peyton,* 143 Cal.App.2d 379 [299 P.2d 897], as controlling in the case at bench. However, the factual situations in the two cases differ in material respects as the will in the cited case contained a residuary clause.

Application of the foregoing rules to the case at bench dictates the conclusion the court did not err in its finding and order.

The order is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied March 14, 1967.