No. 9.—SAMUEL R. WEEMS et al., plaintiffs in error, vs. HENRY G. ANDREWS et al, defendants in error.

Whether advancements by a father to a child, made before or after the making of a will, shall adeem a legacy or residuary portion, is always a question of intention, and if there be an express declaration to that effect, the advancement must be counted.

In Equity, from Henry Superior Court.    Decision by Judge GREEN, at Chambers, 25th July, 1856.

The bill in this case, was filed by Samuel R. Weems and Henry G. Andrews as executors of the last will and testament of Samuel Weems, deceased, to obtain the construction by the Court of Equity of certain clauses in said will in connection with certain deeds executed by said testator prior to the making of his will, and for the purpose of getting the instruc-

tion and direction of the Court as to the payment and distribution of the residuum of testator's estate.

Testator, on the 11th February 1851, by deed, granted and conveyed to his son Samuel R. Weems, certain lands "*as a part of his legacy, to be valued at the sum of* $805 00." By deed of the same date, he conveys to his son Thos. D. Weems, certain other lands "*to be valued in his legacies as a part of his legacy, to the amount of* $1155 00." By deed, dated 5th Sept., 1843, he conveys certain lands to his son Bartholomew J. Weems "*as an advancement inter vivos, valued at* $1500;" and at the conclusion of said deed adds, "and the said Bartholomew J. Weems, by his acceptance of said deed, agrees to receive the said parcel of land at the price of $1500, as a part of his distributive share of his father's estate in case his said distributive sum amounts to that sum, or more. But in case the said sum of $1500 should be more than his distributive share, then he binds himself by his said acceptance of this deed, to refund to the other heirs of said Samuel Weems, as much as the said sum exceeds his share."

Samuel Weems, afterwards, duly executed his will, and after providing for the payment of his debts, and disposing of the greater portion of his estate by specific devises and bequest to his children and grand children, he, in the 10th clause of his will, disposes of the residue as follows, to-wit:

" I will that all of my estate, both real and personal, not othwise disposed of, be sold by my executors, and my notes and accounts collected, and the nett proceeds thereof to be equally divided between my six children, to wit: Bartholomew J. Weems, Samuel R. Weems, Thomas D. Weems, Peggy Ann Cox, (her part expressed in the fifth item,) Martha Murray, and Malinda Andrews, provided, nevertheless, that said Samuel R. Weems shall have in trust for Peggy Ann Cox, one hundred dollars off of Bartholomew J. Weems' part, and one hundred dollars off of Samuel R. Weems' part of said division, said money at the death of said Peggy Ann Cox

to be divided as the balance of the money, between her two children.

He appoints his son Samuel R. Weems, and his son-in-law, Henry G. Andrews, his executors.

The prayer of the bill is for a construction of said will and deeds, and for directions to the complainants, as executors, how to pay out the funds resulting from the sale of property and collection of debts, under said residuary clause.

The decree of the Chancellor was, "that the sum of $1155 00 now in the hands of Thomas D. Weems, as appears from annexed deed—and the sum of $805 00, now in the hands of Samuel R. Weems as appears by annexed deed; and the sum of $1500 00, now in the hands of Bartholomew J. Weems as appears by annexed deed, be and the same is hereby decreed to be part and parcel of the residuary fund of said estate, so far as to require the said executors to advance to the other legatees out of the residuary fund, an amount equal to said amounts so in their hands; also, advance Samuel R. Weems and Thomas D. Weems equal with Bartholomew J. Weems, and if the residuary fund shall be insufficient, then those now advanced be required to refund until all can be made equal sharers in the residuary fund.

And it is further ordered and decreed that Peggy Ann Cox receive an equal portion of said residuary fund, to be held in trust in the same way and with the same restrictions and limitations as provided and directed for her specific legacy in the fifth item of said will.

And it is further ordered and decreed, that said executors pay to Samuel R. Weems in trust for Peggy Ann Cox during her life, and to her two children at her death, one hundred dollars off of the residuary portion of Bartholomew J Weems' portion, and one hundred dollars likewise in trust off of the residuary share of Samuel R. Weems."

To which judgment and decree, counsel for Samuel R., Thomas D. and Bartholomew J. Weems, excepted.

DOYAL & NOLAN, for plaintiffs in error.

STARKE, for defendant, in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In the view the Court takes of this case, there is not much difficulty about it.

The testator in his lifetime advanced to his three sons, certain unequal portions in real estate. He fixes its value, and directs that it be counted in the final distribution of his estate, not only for the purpose of equalizing this three sons with the rest of his children, but with each other.

It has been questioned whether advances made before the making of a will, will adeem a legacy or a residuary portion given by the will. The case of *Upton and Prince,* reported in *Tem. Talbot, p. 71,* decided the affirmative of this question; and this precedent has not only never been overruled, but is cited by Williams on Executors, and in other text books and adjudicated cases with approbation. In *Rogers vs. French,* 19 *Geo. Rep.,* 316, this doctrine was recognized. In that case the question was, whether $500 advanced to one of the children of the testator, several years before the making of his will, should be deducted from the portion of that child under the residuary clause of the will. We held that it should not, upon the ground, that the proof showed, that it was not so intended, by the testator, and the Court there laid down the rule, that in all cases the question of whether advances made before or after the making of the will, should be counted, *was one of intention.*

In the case before us, there can be no doubt as to the intention of the testator. It was plainly declared in the first deed made some eleven years before his will was written, and repeated in each of the two deeds made eight years thereafter, to the other two sons, some three years before the will was written:—thus establishing the settled purpose of the testator as to this point.

Henderson et al. vs. Worthen.

Had he simply made deeds to each of his three sons, to these several tracts of land, although of unequal value, and said nothing more, and then have given them equal portions of the residuum of his estate by his will, in the absence of any other testimony these would have been considered gratuities, merely, to his three sons. As it is, they cannot be so held in the face of the express declaration of the father to the contrary.

When we reflect that the law does not favor double portions to those standing in the same degree of relationship to the deceased ancestor; and that our statute, with regard to advancements and distributions, is founded in the plainest principles of natural justice, we cheerfully affirm the judgment of the Circuit Court.

Judgment affirmed.