No. 12,714.

## ROQUET, ADMINISTRATOR, v. ELDRIDGE ET AL.

WILL.—*Legacy.*—*Specific and Demonstrative.*—*Ademption.*—*Married Woman.*— A father executed a will devising his homestead farm to two of his sons. To his four other children he bequeathed five hundred dollars each, to be paid in cash and to be in full of their interests in the homestead farm. The will contained a recital that the devises and bequests thus made were to be considered as a disposition of the homestead farm among the testator's children, and were not to affect any other interest ·or estate. Afterwards, and during the testator's lifetime, the devisees of the homestead farm furnished their father two thousand dollars, out of which he paid each of the four legatees five hundred dollars, and received from each a receipt, as follows: " Received from William B. Eldridge $500, in consideration of my interest in his homestead farm, corresponding with his last will." At the death of the testator the homestead farm and personal property worth five hundred dollars constituted his entire estate.

*Held,* that the legacies were neither specific nor demonstrative, and that they were adeemed and satisfied by the payments made in the manner disclosed.

*Held,* also, that money paid to a married woman, in ademption of a legacy, produces the same legal result as if she were unmarried.

SAME.— *What Constitutes an Ademption.*—An ademption results where a parent, or other person standing *in loco parentis,* after having made a bequest, gives a portion to the child to whom the bequest is made equal to or in excess of the amount bequeathed, the portion given and the legacy being *ejusdem generis.*

SAME.—*Ademption of Specific or Demonstrative Legacies.*—Whether a legacy be specific or demonstrative, if it clearly appears that the particular thing or fund bequeathed has been irrevocably delivered over to the legatee in the lifetime of the testator, the legacy is adeemed.

From the Vigo Circuit Court.

*C. F. McNutt, S. C. Stimson* and *R. B. Stimson,* for appellant.

*S. C. Davis* and *S. B. Davis,* for appellees.

MITCHELL, J.—After the issues were joined in the court below the judgment appealed from was rendered upon an

agreed statement of facts. The questions for decision arise out of the facts agreed upon, which, so far as they are material, are as follows: In November, 1863, William B. Eldridge executed his last will and testament, by the second clause of which he devised to his sons Hamilton Eldridge and Abram A. Eldridge his homestead farm, to be held by them jointly. To his daughters, Amanda and Cynthia, and to his sons William G. and Robert B., he bequeathed five hundred dollars each, to be paid in cash, which sums were to be taken and considered as in full of each of their respective interests in the homestead farm. The will contained a recital, the effect of which was that the devises and bequests thus made were to be considered as the disposition of the homestead farm among the testator's children, and were not to affect any other interest or estate. Afterwards, and during the lifetime of the testator, his sons Hamilton and Abram A. Eldridge, devisees of the homestead farm, furnished their father two thousand dollars in money, out of which he paid to each of the four legatees above named the sum of five hundred dollars, and received from each a receipt of the following tenor, viz.: "Received of William B. Eldridge $500, in consideration of my interest in his homestead farm, corresponding with his last will."

One of the daughters was a married woman at the time she received the money and executed the receipt therefor as above. The testator died in February, 1881, having had but the six children named above. He had only about five hundred dollars in value of personal property, which, with the farm above mentioned, valued at about $6,400, comprised his whole estate.

On behalf of the administrator with the will annexed, it is insisted that the sums paid to the several legatees by the testator in his lifetime constituted a satisfaction or ademption of the legacies provided by the will, while the legatees insist that the legacies are specific or demonstrative in their character, and that since it does not appear that the money

paid them was raised out of, or derived from, the land comprised in the homestead farm, the payment did not work an ademption of the sums bequeathed by the will.

The legacies were, however, neither specific nor demonstrative. Speaking upon the subject of specific legacies the Lord Chancellor, in *Fielding* v. *Preston*, 1 De G. & J. 438, said : " There have been attempts, in various cases, to determine the meaning of a specific legacy, and what is the test whereby such legacies may be distinguished from general bequests. There are objections to most of the definitions, but I think we are quite safe in treating that as a specific bequest which the testator directs to be enjoyed *in specie.*"

A legacy is specific when it can be satisfied only by the transfer or delivery of some particular portion of, or article belonging to, the estate, which the testator intended should be transferred to the legatee in specie. 2 Redfield Wills, 132 ; Rapalje & Lawrence Law Dict., tit. " Legacy."

Lord HARDWICKE said, in *Ellis* v. *Walker*, Amb. 309: "The court leans against considering legacies as specific." Unless, therefore, it appears that the money or thing to be transferred is so clearly identified and inherently described as that the legatee can say to the executor that all, or a portion of, the very fund or property in question was transferred by the will, the bequest will not be regarded as specific. *Sidebotham* v. *Watson*, 11 Hare, 170.

While it is true the doctrine of ademption does not apply to specific devises or legacies as a general rule—*Swails* v. *Swails*, 98 Ind. 511—yet even in case of a specific devise or bequest, if the very thing devised or bequeathed had been transferred to the devisee or legatee in the lifetime of the testator, so that there would be nothing left for the will to operate upon, an effectual ademption would have taken place.

Accepting the foregoing as the true criterion of a specific legacy, it becomes clear that the bequest of five hundred dollars in cash to each of the sons and daughters named, and

the further direction that this was to be considered in full of their respective interests in the homestead farm, and that the devises and bequests previously made were not to affect any other interest or estate, did not constitute a specific bequest of any portion of the testator's estate, to be transferred in specie.

Neither did the legacies belong to that intermediate class which are sometimes denominated demonstrative, and which are peculiar in that they are not ordinarily liable to be adeemed or abated by an advancement made in a general way. "A demonstrative legacy is ' a bequest of a sum of money payable out of a particular fund or thing.' It is a pecuniary legacy, ' given generally, but with a demonstration of a particular fund as the source of its payment.' It is, therefore, equivalent to, or in the nature of, a devise or bequest of so much, or such a part of the fund or thing specified." *Glass* v. *Dunn,* 17 Ohio St. 413 ; 5 Am. & Eng. Ency. of Law, p. 541 ; 2 Redfield Wills, 140, 141.

While it is quite true the will plainly indicates that the sums bequeathed to the sons and daughters named were to be taken in full of their respective interests in the homestead farm, which was specifically devised to the two other sons named in the will, there is no direction that the bequests are to be paid out of any particular fund, or that the fund out of which payment is to be made is to be derived from the rents, issues or profits of the land, or that the legatees are to have any interest as such in the land itself. The implication is that the bequests were chargeable against the devisees of the land, or, at most, that they should be chargeable upon the farm. Moreover, since it appears by the agreed statement of facts that the sons to whom the homestead farm was devised furnished the money with which the legacies were paid, it is not apparent why this should not be held to satisfy the bequests, even though it should be conceded that they were payable out of the land. If thus payable, it must have been contemplated that the amount should constitute a charge

upon the farm, to be removed by the devisees at some time by paying the several amounts to the legatees.

We know of no authority which would justify a holding that a general legacy, which is payable out of a particular fund or in a specified manner, may not be satisfied in case the legatee receives the amount thereof from the testator in his lifetime out of the very fund devoted to the payment of the bequest, provided it clearly appears that the amount was given and received with the intention that it should work an ademption of the legacy.

If we assume that the homestead farm was to be the source from which the fund was to be derived out of which the legacies were payable, the conclusion follows that the devisees of the farm were to take it subject to the burden of paying the legacies after the testator's death. Having furnished the money to the testator, during his lifetime, with which to pay off the bequests, and the money having been paid to the legatees and received by them for that purpose, the legacies are effectually satisfied from the very source contemplated by the will.

An ademption results where a parent, or other person standing *in loco parentis*, after having made a bequest, gives a portion to the child to whom the bequest is made, equal to, or in excess of the amount bequeathed, the portion given and the legacy being *ejusdem generis*. *Weston* v. *Johnson*, 48 Ind. 1. Within the rule thus stated, the legacies were adeemed. Whether a legacy be specific or demonstrative, if it clearly appears that the particular thing or fund bequeathed has been irrevocably delivered over to the legatee in the lifetime of the testator, the legacy is adeemed, because the testator's title to the thing or fund has been divested by the gift and has become vested in the legatee during the lifetime of the testator. *Clayton* v. *Akin*, 38 Ga. 320 (95 Am. Dec. 393).

The fact that one of the legatees was a married woman at the time she received the money from her father and signed the receipt, is of no consequence. The receipt of the money

from the source contemplated by the will satisfied the legacy by operation of law, and not by force of any contract. Money paid to a married woman, in ademption of a legacy, produces the same legal result as if she were unmarried. There was no error.

The judgment is affirmed, with costs.

Filed April 2, 1889.