The motion for a new trial should have been granted. Judgment reversed.

---

## The New Albany Trust Company, Guardian, et al., *v.* Powell, Executor, et al.

[No. 4,346.   Filed June 27, 1902.]

Wills.—*Specific Bequests.—Ademption.*—A testator bequeathed a certain sum of money and 200 shares of stock in a specified company to his grandchild, and all of the residue of his property he gave to his wife. At the time of the execution of the will the testator owned 259 shares of stock in the company referred to, but afterwards disposed of 159 shares thereof, and at the time of his death he owned but 100 shares of such stock. *Held,* that the bequest of 200 shares of stock was a specific bequest and legacy, and that the legatee was only entitled to the number of shares of the specified stock owned by testator at the time of his death. *pp. 495–501.*

Same.—*Specific Bequests.—Ademption.*—Where a specific bequest of property is made, and a testator disposes of a part thereof during

his lifetime, the ademption applies to the portion disposed of and the remainder still passes to the legatee. *p. 502.*

From Jefferson Circuit Court; *P. E. Bear*, Judge.

Proceeding by William H. Powell as executor of the will of Harvey B. Foster, deceased, against the New Albany Trust Company as guardian of Willie Trow Foster, and Willie Trow Foster and Genevieve Foster, legatees, for the construction of the will. From a judgment in favor of Genevieve Foster, the New Albany Trust Company and Willie Trow Foster appeal. *Affirmed.*

*C. L. Jewett* and *H. E. Jewett*, for appellants.
*S. E. Leland*, for appellees.

WILEY, C. J.—On petition of the parties this cause was advanced. Appellee Powell, as executor, filed his petition in the court below, asking that the will of Harvey B. Foster, deceased, be construed. The New Albany Trust Company, as guardian of Willie Trow Foster, Genevieve Foster, and Willie Trow Foster were made parties. They each filed an answer to the petition. Upon proper request the court made a special finding of facts, and stated its conclusions of law thereon. The New Albany Trust Company, guardian, and Willie Trow Foster, each excepted to the conclusions of law.

Under the assignment of errors, the exceptions to the conclusions of law present the only questions for decision. Briefly stated, the facts specially found are as follows: That on June 15, 1891, Harvey B. Foster executed his last will and testament; that he was then a resident of Jefferson county, Indiana, where he resided until the time of his death which occurred February 2, 1901; that he left as his only heirs at law appellee Genevieve Foster, who was a childless second wife, and appellant Willie Trow Foster, a granddaughter; that said will was duly admitted to probate in the Jefferson Circuit Court, February 7, 1901, and was in full force and effect. Omitting the formal parts,

said will is as follows: "Item First. I will that all my just debts and funeral expenses be first paid. Item Second. I will and bequeath to my granddaughter, Willie Trow Foster, the sum of $5,000 in money, and 200 shares of the capital stock of the Madison Gaslight Company of Madison, Indiana. But in the event that said Willie Trow Foster should die before I do, then I will and bequeath $2,000 of said sum of money to said Willie's mother, Mary G. Foster; and the residue of said $5,000 and said 200 shares of the capital stock of the Madison Gaslight Company I will to my beloved wife, Genevieve Foster. Item Third. I will, devise, and bequeath to my beloved wife, Genevieve Foster, all my real estate and personal property in fee simple, of every kind and description, and wheresoever situated, after paying the above legacy mentioned in item second of this, my last will."

The court found that Powell was the duly appointed and qualified executor of said will; that Willie Trow Foster survived said testator; that she was an infant, and that appellant trust company was her guardian; that when said will was executed said testator was the owner of 259 shares of the capital stock of the Madison Gaslight Company, and was then acting as president and secretary of said company; that said gaslight company had a capital stock of $75,000, divided into shares of $25 each, and that such shares are now of the value of $20 each; that said 259 shares of said stock owned by the testator at the time he executed his will were held by him until December 14, 1894, when he sold 159 shares, and that from that time to the date of his death he owned 100 shares, and no more; that said testator had a personal estate of the value of $23,000, consisting mostly of stock in various corporations; that the executor has paid to appellant trust company, as guardian of Willie Trow Foster, the sum of $5,000 in money, as provided in item two of the will; that on December 21, 1895, said testator conveyed to ap-

pellee Genevieve Foster real estate of the value of $10,000, which said conveyance was a gift; that said executor is ready and willing to deliver to said trust company, as guardian, 100 shares of the stock of the Madison Gaslight Company, which were owned by said testator at the time of his death; that said executor has refused to deliver to said trust company or to said Willie Trow Foster any stock in excess of said 100 shares; that said executor claims that under the provisions of said will, and from the fact that said testator left only 100 shares of such stock at his death, the executor is not bound to deliver to the guardian, or its ward, any shares of stock in excess of 100 shares. The court also found that said trust company and its ward are ready and willing to receive from said executor said 100 shares of stock, but only in partial settlement of the bequest of 200 shares as specified in the will, and insist that it is the duty of the executor to deliver to them 200 shares.

The findings show that all legacies and demands against said estate have been paid, except the legacy to Willie Trow Foster of said 200 shares of stock; that there remains in the executor's hands more than $7,000 in cash, stocks, and notes; that 100 additional shares of the capital stock of the Madison Gaslight Company can be procured by the executor for $2,000 and that appellants are willing to accept the sum of $2,000 in cash in lieu of said additional shares of stock. The court found as a fact that there exists between the parties an actual controversy as to whether said bequest of 200 shares of the capital stock of the Madison Gaslight Company was a general or specific legacy to Willie Trow Foster.

As conclusions of law the court stated: (1) That said bequest of 200 shares of stock was a specific bequest and legacy. (2) That the fact that the testator owned but 100 shares of said stock at the time of his death diminished said specific legacy to that number of shares, which the said

Willie Trow Foster is entitled to receive, and no more. (3) That it is the duty of said executor to deliver to said trust company, for its said ward, 100 shares of the capital stock of the Madison Gaslight Company now in his possession and no more, and the same shall be in full of that portion of the bequest and legacy in controversy.

The controverted question presented by the record must be determined by construing that part of item two of the will in which the testator bequeathed to his granddaughter 200 shares of the capital stock of the Madison Gaslight Company. There is no controversy over any other provision of the will. If the bequest to appellant Willie Trow Foster of said shares of stock was a specific legacy, then she would be entitled to receive only that portion of said stock owned by the testator at the time of his death.

It is important first to determine what constitutes a specific legacy. In 18 Am. & Eng. Ency. of Law (2d ed.), 714, the following definition is given: "A specific legacy or devise is a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing." This definition has been adopted by the courts both in this country and in England, as will appear by a reference to the numerous citations following the above quotation. See, also, *Roquet* v. *Eldridge,* 118 Ind. 147. A general legacy is one payable out of the general assets of the testator's estate,—being a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of a like kind. 18 Am. & Eng. Ency. of Law (2nd ed.), 711. In other words, a general legacy is one of quantity, merely. See *Myers* v. *Myers,* 33 Ala. 85; *Harper* v. *Bibb,* 47 Ala. 547; *Kelly* v. *Richardson,* 100 Ala. 584, 13 So. 785; *Balliet's Appeal,* 14 Pa. St. 451; *Gilmer* v. *Gilmer,* 42 Ala. 9. The distinction between a specific and general legacy is clearly defined. The shares of stock devised

to appellant Foster is the only specially described and specified species of property designated in the will. There can be no doubt but what all the other legacies or bequests are general.

The cardinal principles underlying the construction of wills are so well understood that they have become maxims of the law. The construction of a will depends, not so much upon any rigid principles of law as upon what appears, by the will, to have been the testator's intention. *Lutz* v. *Lutz,* 2 Blackf. 72; *Corey* v. *Springer,* 138 Ind. 506; *Hartwig* v. *Schiefer,* 147 Ind. 64; *Bray* v. *Miles,* 23 Ind. App. 432. At the time the decedent executed his will, he owned 259 shares of the capital stock of the Madison Gaslight Company and it is to be presumed that he had that particular stock in mind. While a person might make a devise of some article of personal property which he did not possess at the time,—for he might make provision for its procurement after his death,—yet it would be an unusual thing to do, and out of the ordinary. If appellant had intended to devise to his granddaughter 200 shares of said stock, whether he owned the same or not, at his death, it is reasonable to presume he would have made provision by his will for his executor to purchase the same and turn it over to her. This he did not do. By his will he separates and designates the stock devised to Willie from all his other stocks, and the findings show that he owned blocks of stock in various corporations. The bequests made to Willie are separate and distinct. The testator first bequeathed to her a specific sum of money; and, second, shares of stock in a specified corporation.

Taking the will as a whole, it clearly appears that the testator meant to bequeath a portion of the stock he owned in the gaslight company at the time of his death. The language of the will as a whole will not bear the interpretation that it was the intention of the testator that, if at the time of his death he did not own 200 shares of said

stock, it was the duty of the executor to go into the market and purchase enough or all to make good the specific legacy to his granddaughter. Construing the will now before us as a whole, it expresses the intention of the testator to dispose of all his property, both real and personal, which he then possessed, or afterwards acquired. In the residuary clause of the will he bequeathed to his wife all of his real and personal property, "after paying the above legacies mentioned in item second," etc. In other words, he devised to his wife all the residue of his estate including the fifty-nine shares of stock in the Madison Gaslight Company which he then owned in excess of the 200 shares which he had devised to his granddaughter.

Williams on Exr., 1165, declares the rule to be, that if it clearly appears from the context that the testator meant to bequeath the identical stock he possessed at the date of the will, such manifestation will render the legacy specific, although he has not expressly declared such intention. If it appears that the testator knew that he alone owned a sufficient amount of stock to satisfy a legacy, where stock is devised, such legacy will be regarded as specific because the will must necessarily have referred to the shares owned by the testator. 18 Am. & Eng. Ency. of Law (2d ed.), 715; *Matter of Hastings,* 6 Dem. Surr. (N. Y.) 307. It has also been held that where there is a bequest of stocks and money, and the testator at the time of making his will owned stock of the kind bequeathed, such separation of the bequest into stocks and money has been considered as showing an intent to make the bequest of the stock specific. 18 Am. & Eng. Ency. of Law, 715; *Douglass* v. *Douglass,* 13 App. Cas. (D. C.) 21; *Metcalf* v. *First Parish, etc.,* 128 Mass. 370; *Kermode* v. *Mac-Donald,* (1867) L. R. 3 Ch. App. 584; *White* v. *Winchester,* 6 Pick. 48. The supreme court of Michigan in the case of *Byrne* v. *Hume,* 86 Mich. 546, 49 N. W. 576, said: "A specific legacy is a particular and specified thing,

singled out, or a particular fund, and, if this fund fail, or the specific thing bequeathed is not in existence to be carried over to the legatee, the legacy can not be paid out of the assets of the estate." In the following cases it has been held that where a bequest of certain stock, being part of a large amount owned by the testator, was disposed of by will, such bequest was a specific legacy. *Morley* v. *Bird,* 3 Ves. 628; *Hosking* v. *Nicholls,* 1 Y. & C. Ch. (20 Eng. Ch.) 478; *Hill* v. *Hill,* 11 Jur. (N. S.) 806. In the case of *Roquet* v. *Eldridge,* 118 Ind. 147, at page 149, the court, by Mitchell, J., said: "A legacy is specific when it can be satisfied only by the transfer or delivery of some particular portion of, or article belonging to, the estate, which the testator intended should be transferred to the legatee in specie." The intention of the testator is made manifest by dividing his bounty to his granddaughter into money and stocks. He wanted her to enjoy the stock in specie.

A will only speaks from the time of the testator's death, and it can only operate upon property which he owned at the time of his death. A will does not possess any of the elements of a contract, and hence there are no contractual relations between one who executes a will and the beneficiaries therein named. It follows that, while a specific legacy may be bequeathed to a designated person, the maker of the will, during his life, may dispose of the thing or specific property bequeathed, and in such case the legatee to whom the specific legacy was devised takes nothing. The testator was at liberty to dispose of his property, real and personal, notwithstanding his will. This he did in part, for he conveyed a portion of his real estate to his wife, and sold and disposed of 159 shares of the specific stock which he bequeathed to his granddaughter. When he disposed of the real estate, or any of it, the portion of the will relating thereto was annulled. The conditions were the same

as they would have been had the real estate not been mentioned therein. *Simmons* v. *Beazel,* 125 Ind. 362, 366.

The same rule applies where a specific bequest of personal property is made, and the testator disposes of it during his life. A will can only operate upon that which exists at the time it speaks, and as we have seen it speaks from the death of the testator. Where a specific bequest of personal property is made, and the testator disposes of such property during his life, such bequest is thus adeemed and destroyed. *Douglass* v. *Douglass,* 13 App. Cas. (D. C.) 21. The law is settled that a legacy is adeemed if the specific thing does not exist at the testator's death. *Pattison* v. *Pattison,* 1 Myl. & K. 12; *Ford* v. *Ford,* 23 N. H. 212; *Beck* v. *McGillis,* 9 Barb. (N. Y.) 35.

In *Ashburner* v. *Macguire,* 2 Brown Ch. 108, 2 White & T. L. Cas. pt. 1, 271. Lord Chancellor Thurlow said: "The testator after making his will, sold his stock, which made it as if it had never existed: the legacy is adeemed according to all the cases." See, also, *Updyke* v. *Tompkins,* 100 Ill. 406, 411; *Tolman* v. *Tolman,* 85 Me. 317, 27 Atl. 184; *Brady* v. *Brady (Md.)* 28 Atl. 515; *White* v. *Winchester,* 6 Pick. 48; *Trustees, etc.,* v. *Tufts,* 151 Mass. 76, 23 N. E. 1006, 7 L. R. A. 390. The doctrine of ademption by alienation, however, operates *pro tanto* only; so where but part of a legacy has been alienated the remainder still passes to the legatee. 1 Am. & Eng. Ency. of Law (2d ed.), 625, and authorities there cited.

Under the authorities the bequest to Willie Trow Foster of the 200 shares of stock in the Madison Gaslight Company was a specific legacy, and as the testator alienated 159 shares of the stock during his lifetime, and at his death owned only 100 shares, the legacy was adeemed *pro tanto,* and the will operates only upon the shares owned by him at his death.

Judgment affirmed.