## Thomson's Estate

Frederick V. Hebard, for accountant.

Leon J. Obermayer, Earl Jay Gratz, Bevàn A. Pennypacker, of Morgan, Lewis & Bockius, and E. P. Acton, for beneficiaries under will.

SINKLER, J., August 10, 1933.—Isabel Wilson Thomson died August 11, 1932, leaving no husband or issue and leaving a will duly probated, whereby, after directing the payment of her debts and funeral expenses, she gave a number of specific and pecuniary legacies, as fully set forth in the will and in the petition for distribution, and gave the residue of her estate to Annabell Wilson Nobles and Girard Trust Company upon certain trusts for the benefit of her niece, Marjorie Thomson (now Wood), as fully set forth in the will. . . .

Three questions have been submitted to the auditing judge for determination: (1) Whether the legacy of shares of stock of the Pennsylvania Railroad

Company and Hershey Chocolate Company is general or specific; (2) whether the legacy of these shares and the pecuniary legacy to Minnie M. Basom is preferred, and as well whether certain other legacies are preferred; (3) whether the transfer inheritance tax shall be borne by the respective legacies.

The legacies provided for in the will of the decedent exceed by a substantial amount the balance for distribution shown in the account before me. The stipulation of counsel setting forth certain facts, in lieu of taking testimony of the witnesses, has little weight in determining the mooted questions by reason of the fact that the intention of the testatrix is to be found in the will itself.

(1) Whether the bequest of stock to Minnie M. Basom is general or specific. The bequest, which is the first on page 3 of the will, is as follows:

"Unto Minnie M. Basom, who is with me now, the sum of Ten Thousand Dollars ($10,000) together with 250 shares of Pennsylvania Railroad Stock and 50 shares of stock of Hershey Chocolate Corporation."

The question as to whether a legacy is general or specific usually arises in one of two ways: First, if the estate is not sufficient to pay the legacies in full, a bequest abates, if general, and does not abate, if specific; second, if the thing or fund bequeathed is no longer in the possession of the testator at the time of his death, the legacy is adeemed if specific and is not adeemed if general.

Because of this distinctive attribute of a specific legacy, it may be said that there is a judicial bias against specific legacies; or, expressed otherwise, the courts are inclined toward the construction of a bequest as general.

The leading case on the subject in this State is Blackstone v. Blackstone, 3 Watts 335, decided in 1834, in an opinion by Gibson, C. J. The presumption of intention, he says, is favorable to general legacies in the first instance, and clear proof is required of a restrictive intention to repel it. The bequest was of "all *my* two hundred and fifty shares of capital stock *which I hold* in the Union Bank of Pennsylvania". The words "which I hold", the chief justice continues, individuate the stock as a corpus with as much precision as would the words "standing in my name" or "all the stock which *I have* in the three per cents" used in cases cited by him as creating specific legacies.

The opinion of Justice Gordon in Sponsler's Appeal, 107 Pa. 95, recognizes this principle of law. In an opinion of Anderson, J., of this court, in Ferreck's Estate, affirmed in a per curiam opinion of the Supreme Court, reported in 241 Pa. 340, the subject is discussed at considerable length, and many authorities are cited.

The bequest of 50 shares of XY stock is a general legacy, even though the testator may have owned exactly that number of shares at the time his will was executed and at the date of his death. A bequest of "my 50 shares of XY stock", or "50 shares of the stock registered in my name" or "belonging to me", is a specific legacy.

The presumption that a legacy is general rather than specific must yield to the intent of the testator, if it be manifest from his whole will that his purpose was to make a specific bequest of the security in question.

If in the present case there were no more than the bequest of 250 shares of Pennsylvania Railroad Company and 50 shares of Hershey Chocolate Company stock, the legacy would be construed as general, not specific.

The excellent brief of counsel for the legatee contends that where there is a gift of a specified stock or bonds appended to a pecuniary legacy and contained in one paragraph of a will with a number of purely pecuniary legacies, the gift of stock, by contrast to the legacy of money, will be construed as a specific

bequest. No decisions of any Pennsylvania court are cited by him, but the principle of law impresses me as a sound one and has been adopted by courts in certain States of this country and in Great Britain.

A testatrix by her will bequeathed "to *Mary Griffith* the interest, profits, or produce of the sum of £300 British, or thereabouts, invested by the testatrix in the *General Steam Navigation Company, London,* and also the interest of £200 British for her life, and upon her decease the testatrix desired that 'the said principal sum of £500' should be equally divided amongst the children of *Mary Griffith*". Said Lord Cairns, L. C.: "It seems to me impossible to treat this legacy of £300 otherwise than as a specific legacy of the interest which the testatrix had in the *General Steam Navigation Company.* This is made clear by the contrast between this and the following bequest, which is intended to be a legacy in gross, and simply pecuniary": Kermode v. Macdonald, L. R. 3 Ch. A. 584, 586.

A testator bequeathed to the Parish of Framingham "fifty shares of the stock of the Pittsburgh, Fort Wayne and Chicago Railroad Company", together with "the further sum of five thousand dollars."

In the opinion of the Supreme Judicial Court of Massachusetts, Mr. Chief Justice Gray used the following language: "The first question presented by the bill is whether the bequests of shares in the stock of the Pittsburgh, Fort Wayne & Chicago Railroad Company are specific or general. This depends on the apparent intent of the testator. We are unanimously of opinion that his intention that these bequests should be specific clearly appears upon a view of the whole will, and especially from the following considerations: 1st. He not only makes many bequests of stock in this corporation and many pecuniary legacies to different persons and institutions, but in the first and in the second items of the will he makes to the same legatees bequests both of stock and of money, a fact much relied on by Lord Chancellor Cairns in *Kermode v. Macdonald,* L. R. 3 Ch. A. 584, as showing that a legacy of a sum invested in stock was specific": Metcalf et al. v. First Parish in Framingham et al., 128 Mass. 370, 372 (1880).

The second paragraph of a testator's will read as follows: "I will and bequeath to my granddaughter, Willie Trow Foster, the sum of $5,000 in money, and 200 shares of the capital stock of the Madison Gaslight Company of Madison, Indiana." The court held that the gift of stock was specific and not general, and speaking through Mr. Chief Justice Wiley, used the following language: "It has also been held that where there is a bequest of stocks and money, and the testator at the time of making his will owned stock of the kind bequeathed, such separation of the bequest into stocks and money has been considered as showing an intent to make the bequest of the stock specific": The New Albany Trust Company, Guardian, et al. v. Powell, Executor, et al., 29 Ind. App. 494, 64 N. E. 640 (1902).

The will of John Joseph Greer is construed in an opinion of great learning by Seddon, commissioner, which is sustained in a per curiam decision of the Supreme Court of Missouri, reported in Fidelity National Bank & Trust Co. v. Hovey, Executor, 319 Mo. 192. His will is quite similar in its general structure to the one before me. It is divided into paragraphs, one containing specific bequests of household and personal effects and another containing pecuniary bequests, one of which, as in our will, has added to it a bequest of stock. The wording of this bequest, paragraph 3 (*a*) of the will, is as follows: "Said Trustee shall take and hold for the benefit of my niece, Mary Loretta Murphy, fifty (50) shares of stock in the Fidelity Trust Company, of Kansas City, Missouri, fifty (50) shares of stock in the Central National Bank of Topeka, Kansas,

forty (40) shares of stock in the Interstate National Bank of Kansas City, Missouri, and fifteen thousand ($15,000) dollars in cash."

It was contended that this legacy was specific and that, the testator having died possessed of only 12 shares of the stock in question, the legacy was adeemed pro tanto. The commissioner considered at length the distinction between general, specific, and demonstrative legacies, and then proceeded to the consideration of the exact question before me, that is, a bequest of stock coupled with a pecuniary gift. His conclusion was as follows (p. 213): "In view of the fact that the bequest in controversy is one both of money and of particular bank stocks, and is the only bequest of such kind and character to be found in the entire will, and in further view of the fact that the bank stocks mentioned in such bequest are the only specifically described species of personal property (with the single exception of the personal property given by testator to his wife) bequeathed by the will, we are brought to the inescapable conclusion that it was the manifest intention of testator, as disclosed by the entire will, that such bequest should be specific, and not general and demonstrative."

The first paragraph of the will of our decedent directs the payments of her debts, etc. The second paragraph contains 13 bequests of household and personal effects. Paragraph 3 begins with 8 bequests of money only, then the bequest in question to Minnie M. Basom, and concludes with a dozen or more bequests of money only. By paragraph 4, pecuniary bequests are given to thirteen charitable and religious institutions. The residue is bequeathed in trust for a niece with power of appointment, etc.

In this will, as in the Greer will, the only bequest of a designated stock is contained in the disputed paragraph.

The bequest of stock, which is coupled with the pecuniary legacy to Minnie M. Basom, is specific. The contrast, as Lord Cairns said in Kermode v. Macdonald, supra, between the gift of money with which the bequest begins and the gift of the shares of stock in the two designated companies makes clear the intention of testatrix that the bequest of stock is specific and not general. This intention is further manifested by the fact that this is the only bequest of stock contained in her will.

I do not hold that a bequest of securities ordinarily general in its term is necessarily to be construed as specific because coupled with a pecuniary bequest. My conclusion is that from the entire will such an intention may be manifest and that such intention is manifest in the present case.

In the stipulation of counsel hereto annexed, it is stated that the accountants have retained 150 shares of Pennsylvania Railroad and 30 shares of Hershey Chocolate stock and have sold 100 shares of Pennsylvania Railroad and 20 shares of Hershey Chocolate stock, receiving from said sales $3,129.04. It is agreed that if the court shall decide that the legacies to Minnie M. Basom were specific, said sales were for the account of Minnie M. Basom and that on final distribution she will accept the proceeds of said sales in lieu of 100 shares of Pennsylvania Railroad and 20 shares of Hershey Chocolate stock. Awards will be made accordingly.

As to the claim that the legacy to Minnie M. Basom was based upon a consideration and is therefore preferred, her counsel cites certain decisions in this State, among them Harper's Appeal, 111 Pa. 243, Gassman's Estate, 10 W. N. C. 275, and Wilson's Estate, 15 Phila. 528. In all of these cases, however, the consideration for the legacy consisted of services to be rendered after the death of the testator. In the bequest to the present legatee, the wording is "who is with me now." Neither the wording of the bequest nor the facts set forth in the stipulation as to the services rendered by the legatee to the testatrix and the

affection which the latter had for the former bring the bequest within the principles of law enunciated in the cases cited. The brief submitted in behalf of the accountant raises the question whether the legacies to Betty Nobles Brewer, Virginia Stearns White, Dorothy Stearns and Thomas Wilson Nobles are preferred because of the use of the words "in return for what their grandfather Wilson has given my family." An instruction on this point is requested, the brief continues, "perhaps out of undue caution on the part of the corporation accountant." No such contention was raised at the audit, and no appearance was entered for these legatees. In my opinion, these legacies are not preferred, because the words of the bequest are insufficient to indicate a consideration such as would entitle the legatees to preference and for the other reasons stated in respect to the bequest of Minnie M. Basom.

The testatrix, in paragraph 7 of her will, directed that all transfer, inheritance, and estate taxes shall be paid out of her residuary estate. In the brief submitted on behalf of the accountant, it is contended that each specific legatee must bear the inheritance tax on his legacy, and reference is made to Greaves's Estate, 29 Dist. R. 577, which is distinguished from the present case because there the specific legacies were bequeathed free of tax, whereas in the present will there is merely a direction that all taxes shall be paid out of the residuary estate. As there is no residue out of which a tax can be paid, I am of the opinion that each legatee must bear his or her tax and awards will be made accordingly.