ROBERTS, executor, *et al. v.* WILSON.

No. 15289.   JANUARY 8, 1946.

*J. G. B. Erwin, J. H. Paschall,* and *H. W. Dent,* for plaintiffs in error.

*John C. Mitchell, D. W. Mitchell,* and *Y. A. Henderson,* contra.

BELL, Chief Justice.   W. M. Wilson died leaving a will, in which he bequeathed the income from all his property, both real and personal, to his wife, Mrs. Malvia Wilson, and his sister, Miss Cecil Wilson, or to the survivor.   After the wife's death, Miss Wilson, as survivor, claimed a life estate in all of the property.   This claim was resisted by J. W. C. Roberts as executor, and certain intervenors, on the ground that the testator had adeemed or satisfied the legacy to his sister by delivering to her in lieu thereof a promissory note in the sum of $1000, which was subsequently paid to her. She contended that the note was given to her for services rendered and for no other purpose.

The jury found in her favor, and the executor and the intervenors excepted to the overruling of their motion for a new trial.   For other pertinent facts, see the statement preceding this opinion.

After a careful study of the case, we have reached the conclusion that the verdict for the claimant was contrary to the evidence and without evidence to support it, and therefore that a new trial should have been granted on the general grounds.   In this view, it is unnecessary to deal with other questions.

While the plaintiff introduced evidence as to the character and extent of the services rendered by her to the testator and his son, since deceased, and also testified as to her own intention at the time of accepting the check from the executors for the balance due on the note, yet, in view of other facts that were shown without dis-

pute, such evidence as to the services and intention of the claimant would not, whether considered alone or in connection with the other evidence, support the verdict in her favor. The issue for determination was whether there had been an ademption or satisfaction of the legacy, and, under the undisputed facts of the case, this issue would depend upon the intention of the testator at the time he delivered the note, the same having been subsequently paid according to his intention. Since the legatee did accept the note, and later accepted the check in final payment of it, it was altogether immaterial whether, in accepting such check, she intended to satisfy her "rights" under the will.

In *Beall* v. *Blake,* 16 *Ga.* 119 (2), 131 it was held that whether a specific legacy, if not illegal, has been adeemed or not, depends on the intention of the testator, the ademption there being conditional. The decision in that case was rendered before the adoption of the Code of 1863, which contained, as sections 2431 and 2432, the provisions as to ademption that appear in the present Code as sections 113-817 and 113-818. The first of these sections provides in part: "A legacy is adeemed or destroyed, wholly or in part, whenever the testator delivers over the property or pays the money bequeathed to the legatee, either expressly or by implication, in lieu of the legacy given." In *Lang* v. *Vaughn,* 137 *Ga.* 671, 678 (74 S. E. 270, 40 L. R. A. (N. S.) 542, Ann. Cas. 1913B, 52), it was stated that the language in *Beall* v. *Blake,* supra, was broad; and that, "When the law of this State was codified, the codifiers evidently reviewed the entire subject, and sought to lay down both the general rule and the exceptional cases."

Under these authorities, whether there has been an ademption will depend upon the intention of the testator, unless the question is controlled by some rule of law, regardless of what may have been his actual intention.

The transaction here would depend upon the actual intention of the testator, within the rule stated. *Lang* v. *Vaughn,* supra (p. 680); *Rogers* v. *French,* 19 *Ga.* 316 (1, 2); *Weems* v. *Andrews,* 22 *Ga.* 43; 28 R. C. L. 344, § 338; 69 C. J. 1004, § 2203; 94 A. L. R. 190. Since the legacy was subject to his control so long as he lived, he could therefore have made to the legatee a note, which on payment would have satisfied or discharged it, just as he could have revoked it, all without assent or approbation of the legatee.

Ellard *v.* Ferris, 91 Ohio St. 339 (110 N. E. 476, L. R. A. 1916C, 613); American National Bank *v.* Madison, 144 Ky. 152 (137 S. W. 1076, 38 L. R. A. (N. S.) 597).

Accordingly, while the note here may have become a contract upon its delivery, it was the *substitution* of this note and its subsequent payment that constituted the ademption or satisfaction, if there was such in this case. Where the legatee did accept the note, and later accepted payment, no question is presented as to whether she could have prevented an ademption by refusing to accept either.

Copies of the note and the receipt are shown in the statement. Although the recitals in the note might not, without more, conclusively show an intention to adeem, yet, if the note and the receipt be considered together, and if both are also accepted as expressing the intention of the testator, they show beyond question an intention on his part that the note should, upon its payment, constitute an ademption or satisfaction of the legacy. Under the evidence, the receipt clearly referred to the note that was introduced, despite the discrepancy of one day in the dates. There is no question as to the authenticity of the note itself, although there was an issue as to whether Miss Wilson signed the receipt, her testimony upon this point being that she had never seen this paper until it was shown to her during the trial. The original of the receipt was in handwriting, as was also the clause in the note relating to the purpose for which it was given. The evidence as a whole, including the testimony of the claimant herself, demanded a finding that the receipt was in the handwriting of the testator, and the undisputed testimony of the executor showed that it was found by him attached to the will. Thus, whether the receipt was signed by Miss Wilson or not, it contained an unqualified expression of the testator as to the purpose for which the note was given, and the two instruments together showed prima facie that the testator intended for the note, upon its payment, to satisfy the legacy. Nor was there any evidence that rebutted or tended to rebut such prima facie evidence of an intention to adeem.

In 69 C. J. 1027, § 2227, it is stated: "A writing releasing or acknowledging receipt of money or property to apply against the interest of the person executing it as legatee or devisee, delivered to the testator or to his agent or his representative after his death, establishes a prima facie case of satisfaction, but this effect is con-

fined to receipts which by their language indicate some connection with the legacies in the will, general receipts not being accorded such weight. The receipt need not, however, expressly and in terms refer to the contemplated legacy where it uses language broad enough, and which from all the circumstances is plainly intended to include it in its operation; and even a mere general receipt may be sufficient, when accompanied by other competent evidence, to serve as the basis for a finding that the legacy has been satisfied. Although the language of a receipt purports to be that of the donee, it shows clearly the intention or purpose to be that of the testator in making the gift or advancement, and as the donee could only receive it for the purpose for which it was tendered, the declaration of the purpose of such payment is conclusive; indeed, the only use or relevance of the paper is to show the intention of the testator, it having no efficacy as a contract, and so it is immaterial whether the donee knew of its contents or gave any actual assent by his signature." Compare Code, § 113-1014, as to evidence of advancements; and see also, in this connection, Cowles v. Cowles, 56 Conn. 240 (13 Atl. 414); Roquet v. Eldridge, 118 Ind. 147 (20 N. E. 733); Ellard v. Ferris, 91 Ohio St. 339 (supra).

It follows from what has been said that the verdict for the claimant legatee was contrary to the evidence and without evidence to support it, and a new trial should have been granted on this ground.      *Judgment reversed. All the Justices concur.*