JACKSON *v.* LINCOLN NATIONAL BANK ET AL.

[No. 370A44. Filed September 15, 1970. Rehearing denied October 19, 1970. Transfer denied December 29, 1970.]

*Ralph R. Blume, Nieter, Smith, Blume, Wyneken, Dixon & Levine,* of Fort Wayne, for appellant.

*Richard I. Snouffer, Roger W. Hultquist, Hogg, Christoff, Snouffer & Haller, Norman E. Baker, Livingston, Dildine, Haynie & Yoder,* of Fort Wayne, for appellees.

PFAFF, J.—This appeal concerns the construction of the last will and testament of Richard R. Cole, deceased, and seeks a final determination by this court of the order of abatement of bequests and contributions in said will. Appellant, Cleora Barris Jackson, and appellee, Olive B. Cole Foundation, Inc., are beneficiaries under a trust established by the will's residuary clause, and are contesting the meaning and application of the seventh paragraph of decedent's will.

Appellee, Lincoln National Bank and Trust Company of Fort Wayne, Indiana, executor of the estate of Richard R. Cole, deceased, filed a petition in the Noble Circuit Court to have the provisions of decedent's last will construed by the court. The will made devises and bequests in paragraphs two through six to various legatees. The seventh paragraph of the will bequeathed the rest, residue and remainder of the estate in trust and designated the Lincoln National Bank and Trust Company of Fort Wayne as trustee. The trust assets were to be divided between the appellant, Cleora Barris Jackson, and the appellee, Olive B. Cole Foundation, Inc. The dispositive provisions are as follows:

"(1)   I direct the Trustee to divide the Trust Estate into two shares, as follows:

"(a)   All of the stock of Flint & Walling Manufacturing Co., Inc., which I own at the time of my death or in which I have any right, title or interest or to which my personal representative may be entitled, and all of my right, if any, under that certain Agreement dated July 20, 1963, between O. B. C. Foundation, Inc., an Indiana not for profit corporation, and myself and my mother, shall be set apart and held by the Trustee, and hereafter called the 'Foundation Share'.

"(b)   The remainder of the Trust Estate shall be set apart and held by the Trustee, and hereafter called the 'Cleora Barris Jackson Share'."

In order to make the distributions as directed in paragraphs two through six, and to pay the estate taxes and expenses of administration, the executor was required to sell

certain remaining estate assets. Included among these assets were the Flint & Walling Manufacturing Co., Inc., stock and the contract rights under the July 20, 1963 Agreement. Inasmuch as under the seventh paragraph of the will these two assets are specifically named as passing into the "Foundation Share", the petitioner requested the court to determine the order of abatement of the assets in the residuary clause and to decide if any of the bequests in paragraphs two through six should be required to contribute to the expenses of administration.

After a hearing on the executor's petition, the court entered an order in favor of the appellee, Olive B. Cole Foundation, Inc., and against appellant. The court construed the seventh paragraph of the will to mean that the share passing to Cleora Barris Jackson should abate first and that she would take only the remainder of the residuary estate after the payment of all debts, claims, expenses of administration and bequests made in paragraphs two through six. Furthermore, the trial court concluded that if there were additional expenditures, the bequests made to the Olive B. Cole Foundation, Inc., would next abate, to be followed in order of abatement by the bequests in paragraphs two through six.

Thereafter, appellant filed a motion for a new trial, contending that the decision of the trial court was contrary to law and not sustained by sufficient evidence. This appeal followed the court's overruling of the motion for new trial.

Appellant contends that the trial court erred in its determination that the residuary property bequeathed to the "Foundation Share" of the trust estate, i.e., the Flint & Walling Manufacturing Co., Inc., stock, and the contract rights under the July 20, 1963 Agreement, should have the status of a preferred abatement over the remaining residuary property. The appellant's contention is that such a construction of the will has the effect of making the gifts of the stock and the Agreement specific bequests. It is argued that the

property passing under the seventh paragraph was to be considered "all the rest, residue and remainder of my estate, real, personal and mixed, . . . of which I may die seized or possessed ... .", and the fact that the residuary clause designates how certain assets are to be distributed, does not change the character of the bequest from one of a general bequest to that of a specific bequest. Thus, it is argued that the property passing under the residuary clause should, by reason of the aforestated language in the testator's will, abate on a pro rata basis, as opposed to a preferential basis as the trial court determined.

Appellant also contends that if this court finds that the stock and the Agreement are specific bequests, then all other residuary property must be considered specific bequests. It is argued that if by mentioning the Flint & Walling stock and the July 20, 1963 Agreement they are to be treated as specific legacies, then all other residuary property must be considered to be the subject of specific legacies as they are specifically included by the phrase "remainder of the Trust Estate". Therefore, it is contended that by reason of the fact that all assets in the seventh paragraph of the will would be specific bequests, they should abate equally.

The definitions of "general" and "specific" legacies are stated in this court's opinion in the case of *In re Estate of* ██ *Brown* (1969) 252 N. E. 2d 142, 150 (Transfer denied), as follows:

> "A *General Legacy*, as the name implies, is a bequest payable out of the general assets of the testator's estate, such as a gift of money or other thing in quantity and not in any way separated or distinguished from other things of the same kind."

> "A *Specific Legacy*, as the name implies, is a bequest of some definite or specific part of the testator's estate which is capable of being designated, identified and distinguished from other like things composing the testator's estate. It may consist of money if it is designated with sufficient certainty. (citing authorities)." See also: *New Albany Trust Co.* v. *Powell* (1902), 29 Ind. App. 494, 64 N. E. 640;

*Griese, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 11 N.E. 2d 146.

Our statutory scheme of abatement is stated in Acts 1953, ch. 112, § 1703, p. 295, Burns' Ind. Stat. Anno., § 7-1103 (1953 Repl.), and reads as follows:

"Order in which assets appropriated—Abatement—General rules—Contrary provisions, plan or purpose.— (a) Except as provided in subsection (b) hereof, shares of the distributees shall abate, for the payment of claims, legacies, the widow's or family allowance, the shares of pretermitted heirs or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:

(1) Property not disposed of by the will;

(2) Property devised to the residuary devisee;

(3) Property disposed of by the will but not specifically devised and not devised to the residuary devisee;

(4) Property specifically devised.

A general devise charged on any specific property or fund shall, for purposes of abatement be deemed property specifically devised to the extent of the value of the thing on which it is charged. Upon the failure or insufficiency of the thing on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

"(b) If the provisions of the will or the testamentary plan or the express or implied purpose of the devise would be defeated by the order of abatement stated in subsection (a) hereof, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator."

It is an established maxim that in interpreting the meaning of a will, the court must ascertain the intent of the testator as expressed in the instrument and, in addition thereto, apply the applicable legal principles of construction.

*Epply et al.* v. *Knecht et al.* (1968), 141 Ind. App. 491, 230 N. E. 2d 108 (Transfer denied) ; *In re Estate of Brown, supra,* and cases therein cited.

From an examination of the seventh paragraph of testator's will, it is apparent that this residuary clause contains both a general and a specific bequest of the residual estate. By identifying and directing that the Flint & Walling Manufacturing Co., Inc., stock and the contract rights under the July 20, 1963 Agreement were to pass into the "Foundation Share", the testator has evidenced an intent to make a specific bequest of part of the residual estate. Furthermore, the testator has shown an intent to make a general bequest of all other property passing into the residuary clause by providing that "[t]he remainder of the Trust Estate shall be set apart . . . and hereafter called the 'Cleora Barris Jackson Share'."

Since the testator has made a specific bequest of part of the residual estate, we must take this as indicating a preference over the general bequest of the remainder of the residual estate. Thus, in accord with the statutory order of abatement, § 7-1103, *supra*, and the apparent intent of the testator, we conclude that the general legacy in the residuary clause should abate prior to that of the specific legacy.

Judgment affirmed.

Hoffman, P.J., Sharp and White, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 899.