S. Morris Wilson, Harold E. Dillman, H. Lloyd Whitis, Corydon, for appellee.

---

**In the Matter of the ESTATE OF Charles M. ROUTH, Deceased.**

**Harold G. ROUTH, Appellant,**

**v.**

**Lawsky F. ROUTH (Executor of the Estate of Charles Routh), Appellee.**

**No. 31A04–8709–CV–273.**

Court of Appeals of Indiana, Fourth District.

June 14, 1988.

MILLER, Presiding Judge.

Lawsky Routh, executor of the estate of Charles Routh, petitioned the Harrison Circuit Court to construe certain provisions of Charles's will. The court held that Charles intended a specific bequest in favor of his son Harold, instead of a residuary bequest in favor of sons Lawsky and Harold, be abated to satisfy claims of Charles's widow. The court ordered Harold's bequest to be abated, and Harold appeals. We find the court erred, and we reverse.

### FACTS

The facts giving rise to this controversy are essentially undisputed. Charles M.

Crim. Rule 22, this Court need not discuss any possible implications of Crim. Rule 22.

Routh died testate on November 30, 1983. At his death, he was survived by his wife, one daughter, and sons Lawsky and Harold.

Routh's will first provided that his widow should receive the share of his estate to which she would be entitled under Indiana's laws of intestate succession. The will then provided that all expenses, debts, and taxes be paid from his remaining assets. It also specifically devised the sum of $50.00 to his daughter.

Item Four of the will specifically devised proceeds of a real estate sales contract to his son Harold. This item reads, in relevant part:

> All the remaining payments due under the certain Contract of Sale now existing for my real estate located on East Chestnut Street, in the Town of Corydon, Indiana, in Harrison County, Indiana, and more particularly described as follows: (legal description omitted) ... unto my beloved son, Harold G. Routh, in fee simple absolute *but subject to utilization, if any be necessary,* to comply with the laws of the State of Indiana, to fulfill their requirement as to the share of my estate to be taken by my wife under the provisions of Item Number Two (2) of this my Last Will and Testament,....

Record, p. 9 (emphasis added). Finally, Item Five of the will bequeathed the residue of the estate to Harold and his brother Lawsky. Lawsky is the executor of the will.

The will remained in probate for three and one-half years. On July 9, 1987, Lawsky filed the estate's Petition to Construe Item Number Four of the Will of Charles M. Routh. When Lawsky petitioned the court, the estate's assets consisted of real property valued at $35,000, corporate stock valued at $514.25, and the remainder due on the real estate contract, $16,721.54. Before Lawsky petitioned to have the will construed, he sold the real property, with the court's approval, for $35,000. Therefore, when he initiated this action the estate consisted of $16,721.54 which, under the will, was to pass as a specific bequest to Harold and $35,000 which, under the will, was to pass as a residuary bequest to Harold and Lawsky. There was insufficient personal property to satisfy the surviving spouse's personalty allowance under IND.CODE 29–1–4–1. In the Petition to Construe Item Four, Lawsky sought an order authorizing abatement of the specific bequest to Harold in order to satisfy the surviving spouse's personalty allowance under IC 29–1–4–1. Lawsky also sought authorization to distribute additional funds from the residuary. The court granted Lawsky's petition.

## DECISION

In this appeal, Harold raises the single issue of whether the court acted contrary to law in ordering abatement of his specific bequest instead of the general bequest in order to satisfy the surviving spouse's personalty allowance. We find the court did act contrary to law and we reverse.[1]

In Indiana, specific bequests generally are to be abated only *after* the residuary bequests have been exhausted. IC 29–1–17–3(a); *Jackson v. Lincoln National Bank and Trust Co.* (1970), 147 Ind.App. 466, 261 N.E.2d 899.[2] However, the statute does allow a different order of abatement if the testator intended a different order. It states:

> spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:
> (1) Property not disposed of by the will.
> *(2) Property devised to the residuary devisee.*
> (3) Property disposed of by the will but not specifically devised and not devised to the residuary devisee.
> *(4) Property specifically devised.*
>   A general devise charged on any specific property or fund shall, for the purposes of

---

1. Lawsky raises several procedural issues in his appellee's brief. We previously had considered these issues on Lawsky's motion to dismiss the appeal. We found these allegations to be meritless then, and our view of them has not changed.

2. The statute specifically provides:
   Except as provided in subsection (b) hereof, shares of the distributees shall abate, for the payment of claims, legacies, the allowance provided by I.C. 29–1–4–1, the shares of pretermitted heirs, or the share of the surviving

If the provisions of the will or the testamentary plan or the express or implied purpose of the devise would be defeated by the order of abatement stated in subsection (a) hereof, the shares of distributees shall abate in such other manner as can be found necessary to give effect to the intention of the testator.

IC 29–1–17–3(b). Of course, we must determine what the testator intended before we can determine whether the intent was to contravene the statutory order of abatement. In order to determine the testator's intent, we must look to the expression of intent in the will. *Jackson, supra*.[3]

▮ When we review the construction of a will in the absence of a material factual dispute, as we do in this instance, we conduct the review *de novo. Merrill v. Wimmer* (1985), Ind., 481 N.E.2d 1294. We are not bound in any way by the construction which the lower court placed on the will.

▮ Here, the will stated the specific bequest to Harold was to be abated if *necessary* to comply with the laws of Indiana. As our courts have noted on more than one occasion, the word "necessary" does not have an exact meaning. *Indiana Broadcasting Corp. v. Star Stations* (1979), 180 Ind.App. 207, 388 N.E.2d 568. The word is relative, expressing a range of meanings from that which is merely convenient to that which is absolutely essential. *Chicago, I. & L. Ry. Co. v. Baugh* (1911), 175 Ind. 419, 94 N.E. 571; *Indiana Broadcasting, supra*. Here, Harold and Lawsky ask the court to adopt radically differing definitions of "necessary."

Lawsky argues "necessary," as used in the will, essentially means if at all needed.

He contends that Charles intended that *any* charges in favor of the widow abate Harold's specific bequest in the first instance. Harold, on the other hand, asserts "necessary" connotes absolute necessity. In his view, Charles intended that his bequest be abated only if there were no other assets in the estate from which the widow's share could be taken.

We are persuaded that Harold is correct. Charles was quite evidently aware that some of the bequests might be abated; indeed, he acknowledged the possibility of abatement in the will. Furthermore, under our law, he is presumed to have known of the laws relating to abatement—in this case the laws regulating the order of abatement. *See, e.g., Easterday v. Easterday* (1937), 105 Ind.App. 80, 10 N.E.2d 764. If Charles had intended to upset the statutory order of abatement, we believe he would have used language more clearly expressing his intent.[4]

We therefore find Charles intended Harold's bequest to abate only if there were insufficient assets in the rest of the estate to satisfy the widow's share. Here, that share amounts to $8,500, and the residue of the estate amounts to $35,000. The probate court should have ordered abatement from the residue, and not from Harold's specific bequest. We therefore reverse its order and remand with directions ordering abatement from the residue of the estate.

Reversed and remanded with instructions.

RATLIFF, C.J., and CONOVER, J., concur.

---

abatement be deemed property specifically devised to the extent of the value of the thing on which it is charged. Upon the failure or insufficiency of the thing on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

IC 29–1–17–3(a) (Emphasis added).

3. The probate court heard no testimony on Charles's intent in making the will, but based its decision exclusively on the intent as expressed by the words of the will. The parties agree that the probate court acted correctly in not accepting evidence of intent outside of the will itself.

4. There were but two specific bequests in Charles's will: $50 to his daughter and the land sale contract proceeds to Harold. If there had been a number of specific bequests containing assets sufficient to satisfy the widow's personal property allowance, and if Harold's bequest were the only one providing for abatement, we might be more inclined to find that Charles intended Harold's bequest to abate first.