[Civ. No. 17599. Second Dist., Div. Three. July 6, 1950.]

Estate of KATHERINE J. BLACKMUN. LAURA DUFNER et al., Appellants, v. MARY FOX, Respondent.

Meserve, Mumper & Hughes and Robert A. Stewart, Jr., for Appellants.

Harry Hirsh for Respondent.

WOOD, J.—Katherine J. Blackmun made a holographic will on October 4, 1944. She died on November 29, 1947. By her will she gave various things to her sister Mary Fox, and

she gave one dollar to each of three relatives of her deceased husband, but she did not give anything to any other person. Another sister of testatrix, a brother, and five children of a deceased brother, filed a petition to determine heirship.

In their amended petition they alleged that the bequests to Mary Fox were bequests of specific property and were intended as specific legacies; that on the death of the decedent none of the property bequeathed to Mary Fox was among the assets of decedent's estate except jewelry, eight shares of Blair & Company stock, and certain other securities of no value; that said property, the subject of the legacies to Mary Fox, had been disposed of by decedent prior to her death and said legacies were thus adeemed; that among the assets undisposed of by the will are: "Balance of cash," and certain real property in Los Angeles. They alleged that petitioners and Mary Fox were entitled to said property according to the laws of succession.

The court decreed "that the bequest is general" and all the property in said estate should be distributed according to the terms of the will, to wit: "All of said estate to the sister Mary Fox," except one dollar to each of three relatives of the deceased husband of the testatrix. The petitioners appeal from said decree determining heirship.

The will was as follows:

"October 4th 1944

"Realizing the uncertainties of life and the certainty of death, and being of sound and disposing mind, I hereby make, execute and sign, all in my own handwriting, my last will and testament.

I give and bequeath to Mary Fox
1036-½-Blaine St. Los Angeles, Calif.
I give and bequeath—
"100 Shares Breeze stock
50 Shares Automotive Fibers Stock
215½ Shares Transamerica Stock
43 Bank of America Stock
25 Anglo Bank S. F.
102 Byron Jackson Stocks
All other stocks in my name that I have not listed here.
All contents of Safe deposit box #5404 Wells Fargo Bank San Francisco—where all stocks are—

(All jewelry—2 diamond rings—five stick pins—onax and diamonds—one jade also jade ring etc) also money in Savings # 21901 account at Crocker Bank San Francisco—and Savings at

(over)

Security-first National Bank Los Angeles—
 # 229860
Sixth and Spring Office.
I give and bequeath to Lucian Blackmun—(one) dollar
I give and bequeath to Agnes E. Blackmun (one) dollar
I give and bequeath to Altha Brown—(one) dollar.
I give Mary Fox power of attorney to collect note due me, from Lucian Blackmun also John Gartner—in any way she sees fit.
I hereby appoint (Mary Fox) executor of my will to act without bonds.
Witness my hand and seal this the fourth day of October 1944.
 John Byron Holly. [a witness]
 Katherine J. Blackmun''

After the will was made the testatrix sold all of the shares of stock, except eight shares of Blair & Company and certain worthless shares, and she withdrew the money from the bank accounts. About two months before her death she purchased a house and lot in Los Angeles, but she had not occupied the house because she was having it repaired and she was stricken with illness. That real property is the principal asset of the estate.

Appellants (petitioners) contend that the bequests to Mary Fox were specific bequests, and that, by decedent's disposition of the subject of the bequests in a manner inconsistent with the will, the bequests to Mary Fox were adeemed.

The principal question on appeal is whether the bequests to Mary Fox were specific or general bequests. Section 161, subdivision (1) of the Probate Code provides that ''A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific; if such legacy fails, resort cannot be had to the other property of the testator.'' If the bequests to Mary Fox are specific the decree appealed from should be reversed. If they are general the decree should be affirmed. The controlling factor in determining whether a bequest is specific or general is the intent of the testator as expressed in the will considered as a whole and in light of the surrounding circumstances. (*Estate*

*of Jones,* 60 Cal.App.2d 795, 798 [141 P.2d 764].) It was said in the case just cited (p. 798): ''The intention to be determined is whether the testator intended to give a specific thing, and that alone, or whether he intended to give a bequest that, in any event, should be paid out of his general estate. In determining this intent, the courts have held that there is a strong presumption that the bequest was intended to be general and not specific, and, in cases of doubt, the courts will presume that the testator intended to give a general bequest rather than a specific one.'' The intention to be determined is whether the testator intended unconditionally to confer a benefit upon the legatee or whether he intended to confer a benefit only in the event that he should remain the owner of the bequeathed property at the time of his death.

 Appellants argue that the testatrix ''listed all the stock of any value that she had, referred to it as stock 'in my name' and as being in a certain safe deposit box''; that the stock belonged to the testatrix and was distinguished from all other stock of the same kind; and that the bank accounts were likewise specific bequests. It has been held that the words ''my,'' ''in my name,'' or similar qualifying words indicate an intention to make a specific bequest (see *Estate of Jones, supra,* p. 799.) Such words, however, do not necessarily indicate such an intention. In the will herein it is stated that the testatrix gives to Mary Fox a certain number of shares of stock of six different corporations designated by the names of the corporations. As to those shares of stock, it appears that the words ''in my name'' or similar qualifying words were not used directly in connection with the description of those shares. In the will, immediately following the disposition of those shares, it is stated: *''All other stocks in my name that I have not listed here.''* It therefore appears that the words ''in my name'' were used directly in describing ''other'' stocks not listed in the will. It also appears that by the use of the words ''other stocks in my name'' the shares which were listed in the will were indirectly described as shares ''in my name.'' Stated in another way, the words ''in my name'' apply directly to stocks which were not listed in the will, and they apply indirectly to the stocks which were listed (which according to appellants' brief were the stocks of value). A clear intention upon the part of a testator must appear in order to make a legacy specific. (*Estate of Jones, supra,* p. 800.) Since the stocks which were listed were not described

directly as stock in the name of the testator, but were described indirectly as such stock, it seems that the testator did not intend to and did not, by such indirect method of description, "distinguish" the listed (valuable) stock from all other stock of the same kind.

In the will, following the disposition of the stocks not listed, it is stated: "All contents of safe deposit box #5404 Wells Fargo Bank San Francisco—where all stocks are." The words "where all stocks are" do not distinguish the stock from all other stock of the same kind. Those words were added at the end of a provision wherein all the contents of the safe deposit box were given to Mary Fox, and the said provision followed provisions in the will wherein the stock had already been given to Mary Fox. The words "where all stocks are" indicate an intention only to state the location of the stocks.

In *Estate of Jones, supra,* it was stated at page 798: " 'A gift of a certain number of shares of stock, bonds, and the like, described by the corporation . . . but not indicating any specific lot of such securities, is a general legacy; even if testator owned the exact number of such securities. . . .' " The testatrix herein apparently owned the exact number of shares of stock listed in the will, but, as above shown, those shares were not distinguished in the will from all other shares of the same kind. Apparently the stocks listed in the will herein were stocks listed on public stock exchanges. Where there is a bequest of a certain number of shares of stock described merely by the name of the corporation, and where the stock of the corporation is listed on public stock exchanges, such public character of the shares bequeathed is evidence of an intent to make a general bequest. (See *Estate of Buck,* 32 Cal.2d 372, 374 [196 P.2d 769]—wherein it was held that where there are bequests of shares of a closely held corporation the nonpublic character of the shares bequeathed is evidence of an intent to make specific gifts.)

In the will, after bequeathing the shares of stock, she gave all jewelry to Mary Fox. Then she gave to Mary Fox the money in savings accounts in two banks, describing the accounts by number. The fact that she stated such numbers does not necessarily mean that she intended to confer a benefit in the amount of said accounts only in the event that she retained the accounts until her death. The record does not show that, at the time the will was made, the testatrix owned any property other than that listed and referred to in the will. It is

true there was no residuary clause in the will. The form and language of the will, however, indicate that the testatrix intended to dispose of her whole estate by mentioning particularly various items of property and by using the word "All" in referring to other property. It is to be noted that she mentioned certain stocks particularly and then she mentioned "All" the other stocks. She then gave "All" the contents of the safe deposit box. Then she gave "All" jewelry, and then she mentioned particularly various items of jewelry. Then she gave the money in the two savings accounts. Apparently she made testamentary disposition of all property owned by her at the time she made the will. In view of the language of the will considered as a whole and in light of the surrounding circumstances, it appears that it was the intention of the testatrix to give Mary Fox all her property, except the $3.00 given to her husband's relatives.

Some of the surrounding circumstances are that Mary Fox nursed the husband of testatrix for a year prior to his death in San Francisco in August, 1943; in September of that year testatrix came to Los Angeles where she and Mary Fox resided together until the testatrix died; she made the will about a year after she came to live with Mary Fox; the testatrix was not on friendly terms with her brother and her other sister; and Mary Fox was the only relative of testatrix in Los Angeles and they were very friendly. It appears further that she purchased the house and lot involved herein, about two months before she died, intending that she and Mary Fox should reside there. In March, 1947, the testatrix sold the stocks listed in the will for approximately $10,000; and she paid about $7,200 for the house and lot, which property is the principal asset of her estate.

The trial court did not err in decreeing that the bequests to Mary Fox were general bequests.

Appellants contend that the trial court erred in admitting testimony regarding alleged oral declarations of the testatrix made about three years after the date of the will. That testimony was to the effect that during the two months prior to her death testatrix had told witnesses that she had made a will; she had sold her stock and purchased a home; she wanted Mary Fox to have everything; she did not want anyone "back home" to have anything; and she did not want her brother to have a cent. By reason of the above conclusion, regarding

general bequests, it is not necessary to determine this last mentioned contention of appellants.

The decree is affirmed.

SHINN, P. J.—I concur in the judgment. There were six bequests of stocks, all but one in odd lots, followed by a general bequest to the same beneficiary of "all other stocks in my name that I have not listed here," and still other bequests, both specific and general. Testatrix then owned the described stocks. If the will had consisted only of the bequests of the stocks there would have been, in my opinion, six specific bequests and one general. But, except for three bequests of one dollar each, Mary Fox was left the entire estate, and this clearly expressed intention of testatrix should prevail over isolated and less positive provisions which, alone, would indicate a contrary intention as to portions of the estate. I do not regard any of the California cases as closely in point.

Vallée, J., did not participate herein.