209 Cal.App.2d 711 (1962)
Estate of MARY ELLEN CALORI, Deceased. BANK OF AMERICA, Petitioner and Respondent,
v.
WILLISTINE DENHAM, Objector and Appellant.
Civ. No. 20098. 
California Court of Appeals. First Dist., Div. Three. 
Nov. 19, 1962.
 Walter H. Medak and Marvin S. Kayne for Objector and Appellant.
 William A. Breen and Daniel H. Dibert for Petitioner and Respondent.
 DRAPER, P. J.
 The probate court determined that a specific bequest to appellant had been adeemed, and entered decree of final distribution accordingly.
 The will, drawn by an attorney, was executed April 3, 1959. It bequeathed to appellant, the wife of testatrix' grandnephew, "the Navarra promissory note on 224 Excelsior Avenue, *712 San Francisco." Other bequests, including one of $200 to appellant's husband, were made. The residue was left, in equal shares, to nine nieces and nephews.
 Appellant and her husband had added a bedroom and bath to their home to accommodate testatrix, who moved there a few days after executing her will. She continued to reside there, paying $75 per month, until her death November 22, 1959. Appellant cared for testatrix, who was 80 years old and was confined to her bed for much of the time. Appellant had no knowledge of the bequest to her until testatrix' death, and there is no suggestion of any agreement to compensate appellant by testamentary provision.
 Early in October, testatrix was driven to the office of a title company, where she signed some papers. On October 7, she was driven to her bank, where she deposited $3,180, which is stipulated to be the proceeds of the Navarra note. It appears that the Excelsior Avenue property had been sold, and that the note to testatrix, secured by the property, was paid as part of that transaction.
 There is no evidence as to the terms of the Navarra note. We do not know whether it called for payment in installments or in a lump sum. We do not know whether the consent of testatrix to its payment in full was required or given. Nor, despite the contrary statement in appellant's brief, is there any evidence to show deposits in and withdrawals from testatrix' bank account after deposit of the proceeds of the Navarra note.
 [1] On this record, the probate court concluded that the bequest was specific, that the note had been wholly extinguished, and that there was nothing in the estate upon which the bequest could operate.
 Appellant concedes that the bequest was specific, but argues that the cordial relationship of testatrix and appellant, which continued for the 46 days from payment of the note to testatrix' death, negates an intent to adeem.
 We are well aware of the California trend away from the strict requirement that the subject of a specific bequest must be found, in the exact form described in the will, before the bequest will be honored (see cases discussed in comment, 43 Cal.L.Rev. 151; and later cases, e.g., Estate of Moore, 135 Cal.App.2d 122 [286 P.2d 939]; Estate of Blackmun, 98 Cal.App.2d 314 [220 P.2d 30]).
 Here, however, the record contains nothing to suggest possible escape from the rule of ademption. The will, unlike that *713 in Blackmun, contains nothing to show an intent that the bequest to appellant be general, rather than specific. It is difficult to regard full payment of the note as a mere change in form (see 4 Witkin, Summary of Cal. Law, 3141-3145). Even such a holding would not aid appellant, since there is no evidence identifying the cash as part of the estate at date of death.
 Extinguishment of the Navarra note by payment adeemed the specific bequest (Estate of Jepson, 181 Cal. 745 [186 P. 352].)
 Decree affirmed.
 Salsman, J., and Devine, J., concurred.